759 A.2d 322

**In re MICHAEL W.**

**No. 2577, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Sept. 11, 2000.

Steven L. Holcomb, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Marna McLendon, State's Atty. for Howard County, Ellicott City, on the brief), for appellant.

Leonard R. Stamm (Goldstein & Stamm, P. A., on the brief), Greenbelt, for appellee.

Argued before MOYLAN, HOLLANDER and JOHN F. McAULIFFE (Ret., Specially Assigned), JJ.

MOYLAN, Judge.

As appellant, the State challenges an Order of the Circuit Court for Howard County dismissing a petition for delinquency filed against the appellee, Michael W. The State's sole contention on appeal is that the trial court erred in dismissing the petition based on double jeopardy principles. We agree.

On July 13, 1999, a vehicle driven by Michael W. was stopped by a Howard County police officer. Although the record is unclear as to the reason for the initial stop, Michael W. was ultimately issued a traffic citation charging him with operating a motor vehicle in violation of a license restriction, pursuant to Md.Code, Transp. § 16–113(h). On August 24, 1999, Michael W. paid a fine for that violation.

On September 13, the State filed a petition for delinquency, alleging that Michael W. was involved in the delinquent acts of 1) driving under the influence, pursuant to Md.Code, Transp., § 21–902; 2) driving a vehicle in violation of a license restriction, pursuant to Md.Code, Transp., § 16–113(h); and 3) failure to obey a traffic control device, pursuant to Md.Code, Transp., § 21–201. In response, Michael W. filed a motion to dismiss the petition on double jeopardy grounds, specifically alleging that a violation of § 16–113(h) was a lesser included offense of § 21–902 and that he had already been in jeopardy for that lesser version of the "same offense."

On November 9, a hearing on the motion was held at which the following stipulation was read into evidence:

Your honor, as to the Motion to Dismiss, if called upon to testify, Officer Mark Taylor of the Howard County Police Department would testify that on July 13, 1999 at about 11:00 p.m. he was on duty in Columbia.

In the course of that duty he happened to have occasion to stop a vehicle driven by Michael Louis W. who produced a driver's license for him indicating a date of birth of June 30, 1982.

He detected the odor of an alcoholic beverage on the breath of Michael W. He administered some field sobriety tests, and as a result of that, he arrested Michael Louis W., took him to the Police Station where an intoximeter was administered to him resulting in a breath test of .09.

As a result of the breath test he issued to Michael W. citation number V911708 which citation charged Michael W. with violation of 16–113(h) operating in violation of license restriction, specifically operating at the time with a blood alcohol content of greater than .02 and being of a type driver's license that does not permit that.

The trial court heard argument from both sides, after which it granted Michael W.'s motion to dismiss. In doing so, the judge ruled 1) that the petition for delinquency was a subsequent prosecution based on Michael W.'s payment of the fine; and 2) that based on the particular facts of the case, the charge of violating the license restriction was a lesser included offense of driving while intoxicated or driving under the influence. The State then noted this timely appeal.

As explained by the Supreme Court in *United States v. Dixon*, 509 U.S. 688, 695–96, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993):

The Double Jeopardy Clause ... provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This protection applies both to successive punishments and to successive prosecutions for the same criminal offense.

\* \* \*

In both the multiple punishment and the multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same elements" test, the double jeopardy bar applies. The "same-elements" test, sometimes referred to as the *"Blockburger"* test inquires whether each offense contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.[1]

(Citations omitted). The "same-elements" or "Blockburger"[2] test is the only test to be applied in determining whether a successive prosecution is barred on double jeopardy grounds.[3]

With respect to the *Blockburger* test, the Court of Appeals, in *Gianiny v. State,* 320 Md. 337, 340–41, 577 A.2d 795 (1990), explained:

In *Blockburger v. United States,* the Supreme Court set forth the general test for determining whether two offenses should be deemed the same for double jeopardy purposes:

---

**1.** Both "offense" and "offence" are accepted alternative spellings of the word. "Offence" was in earlier vogue and found favor with the Congressional Framers of the Bill of Rights in 1789, but "offense" seems less stilted to the modern eye. Even as does the Supreme Court, we will use "offence" when we are quoting the Fifth Amendment but "offense" when we are speaking for ourselves.

**2.** The usage comes from *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

**3.** This was not always the case. In 1990, the Supreme Court, in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), held that in addition to passing the *Blockburger* test, a subsequent prosecution must survive the "same-conduct" test to avoid the double jeopardy bar. The *Grady* test provided that "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," a second prosecution will be barred. 495 U.S. at 510, 110 S.Ct. 2084. *Grady,* however, was overruled by the Supreme Court in *United States v. Dixon,* 509 U.S. at 704, 113 S.Ct. 2849, leaving the *Blockburger* hurdle as the only barrier that the State must clear to avoid the double jeopardy bar.

The applicable rule is that when the same action constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not, . . .

In *Brown v. Ohio,* the Court explained that if two offenses are the same under the *Blockburger* test successive prosecutions are barred. A lesser included offense, one which requires no proof beyond that which is required for conviction of the greater offense, is the same statutory offense as the greater offense under the *Blockburger* test. Thus, whichever is prosecuted first, "the Fifth Amendment forbids successive prosecution . . . for a greater and lesser included offense."

(Citations omitted).

■ Initially, we note that neither party disputes the trial court's finding that the juvenile proceeding in this case amounted to a successive or subsequent prosecution following, as it did, Michael W.'s payment of the fine on August 24. There is also no dispute that if § 16–113(h) is a lesser included offense under § 21–902, the successive prosecution would be barred on double jeopardy grounds. If, however, the two offenses are not the "same offence" within the contemplation of the Double Jeopardy Clause, the successive prosecution would be permissible. Thus, we need only determine the relationship between the two offenses.[4]

Section 16–113(h) of the Transportation Article, in pertinent part, provides:

(h) *Violation of restrictions—In general.—*An individual may not drive a vehicle in any manner that violates any

---

4. Neither party seems to be concerned about the fate of the charge that Michael W. failed to obey a traffic control device in violation of § 21–201. That was the third charge on which the delinquency petition was based. That charge did not figure in the double jeopardy debate between counsel or in the trial judge's ruling. If, indeed, it were to be the only remaining charge still to be viable, it seems hardly likely that a petition for delinquency would be brought based on it alone, but that, of course, is a tactical judgment for others to make.

restriction imposed by the Administration in a restricted license issued to the individual.

The specific restriction allegedly violated in this case was that spelled out in § 16–113(b), which provides, in pertinent part:

(b) *Licensee under age of 21.*—(1) Notwithstanding the licensee's driving record, the Administration shall impose on each licensee under the age of 21 years an alcohol restriction that prohibits the licensee from driving or attempting to drive a motor vehicle with an alcohol concentration of 0.02 or more as determined by an analysis of the licensee's blood or breath.

Section 21–902 of the Transportation Article, by contrast, provides:

(a) *Driving while intoxicated or intoxicated per se.*—(1) A person may not drive or attempt to drive any vehicle while intoxicated.

(2) A person may not drive or attempt to drive any vehicle while the person is intoxicated *per se.*

(b) *Driving while under the influence of alcohol.*—A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

The State's contention is that the trial court erred in ruling that driving a vehicle in violation of a license restriction pursuant to Md.Code, Transp., § 16–113(h) is a lesser included offense of driving under the influence pursuant to Md.Code, Transp., § 21–902. We agree. In applying the *Blockburger* test to the statutory provision at issue in this case, it becomes clear that the two offenses are not the same.

In argument before the hearing judge, Michael W. clearly relied on the case of *Gianiny v. State,* 320 Md. 337, 577 A.2d 795 (1990), and it appears that the hearing judge may have relied on that case as well. It is significant that *Gianiny* was decided before the Supreme Court handed down its decision in *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), in which it overruled the "same-conduct" test of *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). Under the "same conduct" test of *Grady*

*v. Corbin,* the trial court's decision clearly would have been correct.

More significantly, however, the *Gianiny* ruling that double jeopardy barred a subsequent prosecution for automobile manslaughter, following the earlier payment of a fine for reckless driving, was based upon the sub-holding that "negligent driving is a lesser included offense within the greater offense of manslaughter by automobile." 320 Md. at 343, 577 A.2d 795. We would agree that if a violation of § 16–113(h) is, indeed, a lesser included offense under § 21–902, a subsequent prosecution for a violation of § 21–902 would be barred under the authority of *Gianiny.* If, on the other hand, a violation of § 16–113(h) is not a lesser included offense of § 21–902, as we hold it is not, both *Gianiny* and *Blockburger* are inapplicable.

Section 16–113(h) is not a lesser included offense of § 21–902. A violation of § 21–902 requires a driver to be either intoxicated or under the influence of alcohol, either one of which is an element not required by § 16–113(h), even if we confine ourselves to a violation of the specific restriction spelled out by § 16–113(b). A driver of a vehicle can be found to have violated § 16–113(h) if he is under the age of 21 and has an alcohol concentration of 0.02 or higher. An alcohol concentration of 0.02, the minimum required by § 16–113(b), would, if at that minimal level, not only *not* establish the element of being "intoxicated" or "under the influence" required by § 21–902, but, under Cts. & Jud. Proc. Art., § 10–307(b), would actually give rise to the exculpatory presumption "that the defendant was not intoxicated and that the defendant was not driving while under the influence of alcohol." Transportation Art., § 21–902, clearly contains an element unique to it, the requirement of intoxication or influence, that is not a required element for a violation of § 16–113(h).

The appellee, understandably, would like to focus exclusively on the amount of alcohol necessarily consumed by the driver to constitute an offense, a greater required amount for a § 21–902 violation and a lesser required amount for a § 16–113(h) violation. If all else were the same, the lesser pro-

scribed imbibing would, of course, be subsumed into the greater proscribed imbibing. All else, however, is not the same.

Turning attention then, under *Blockburger*, to § 16–113(h), we hold that it, in turn, possesses a unique element which is not a required element of § 21–902. The State argues that the unique element is the age limitation, for a § 13–113(h) violation, that the violator be under 21 years of age. We hesitate to rest our analysis exclusively on that factor, for it could be argued that the status of being under 21 years of age simply establishes the class of persons to whom § 16–113(h) could apply and does not represent an actual element of the unlawful behavior proscribed. It is a philosophical problem that we need not resolve, however, because we find another unique element in § 16–113(h) that clearly qualifies as an "element."

To be guilty of a violation of that section, it is required that one be issued a driver's license with the aforesaid restriction. Even if under 21 years of age and even if driving with a blood-alcohol concentration of 0.02 or above, one could not violate § 16–113(h) if he were driving unlawfully without any license at all. If one were driving in Maryland with a driver's license for another state which contained no such restriction, one could not violate § 16–113(h). The State must prove, as a necessary element of the violation, that the driver possessed a Maryland license with the restriction in question. The very gravamen of the offense is the violation of the restriction on the license. Section 21–902, by contrast, contains no such requirement that one be operating under a restricted license or, indeed, under any license at all.

Section 21–902(b) requires proof only that an individual, whether licensed or not, drove or attempted to drive a vehicle while under the influence of alcohol. Under § 21–902, there is no requirement that a driver, in order to be guilty of driving while intoxicated or under the influence, even possess a driver's license, let alone a requirement that he violate some restriction imposed by a license. As such, we hold that the

two offenses may not be deemed the same for purposes of double jeopardy and that the trial court erred in dismissing the entire juvenile petition on that basis.

■ We also do, however, hold that the second count in the petition for delinquency charging Michael W. with a violation of 16–113(h), the exact same offense with which he was charged by citation on July 13, and for which he paid a fine on August 24, was properly dismissed because barred by the Double Jeopardy Clause. The other two charges, however, remain as a viable basis for the delinquency petition.

We need not address the merits of the appellee's additional contentions that the juvenile petition both was barred by *res judicata* and was fatally flawed because "it accused the appellee in the disjunctive with driving under the influence of alcohol or CDS," as those arguments were not presented to the trial court, were not ruled on by the trial court, and, therefore, are not properly before this Court. Md. Rule 8–131(a).

*DISMISSAL OF PETITION VACATED IN PART AND CASE REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS IN CONFORMITY WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.*