786 A.2d 684

**In re MICHAEL W.**

**No. 108, Sept. Term, 2000.**

Court of Appeals of Maryland.

Dec. 13, 2001.

John L. Kopolow, Asst. Public Defender, (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Steven L. Holcomb, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., of Maryland, on brief), Baltimore, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and BATTAGLIA, JJ.

ELDRIDGE, Judge.

The version of Maryland Code (1977, 1999 Repl.Vol.), § 16–113(b)(1) of the Transportation Article, which was in effect

during July 1999, required the Maryland Motor Vehicle Administration to impose a restriction, on the driver's license of an individual under the age of 21 years, which prohibited the licensee from driving "a motor vehicle with an alcohol concentration of 0.02 or more as determined by an analysis of the licensee's blood or breath." Subsection (h) of § 16–113 prohibited an individual from driving a motor vehicle in any manner which violated a restriction on the individual's license.[1]

Prior to September 30, 2001, § 21–902(a)(1) of the Transportation Article provided that a "person may not drive … any vehicle while intoxicated." Also prior to September 30, 2001, § 21–902(b) stated that a "person may not drive … any vehicle while under the influence of alcohol."[2]

The issue in this case is whether the prohibition against double jeopardy precludes a juvenile delinquency proceeding for an alleged violation of § 21–902(a)(1) or (b), when the defendant had previously been convicted of violating § 16–113(b)(1) and (h), and when both prosecutions were based on the same act of driving.

I.

On July 13, 1999, at approximately 11:00 p.m., Howard County police officer Mark Taylor stopped a motor vehicle driven by Michael W., a seventeen-year-old resident of Howard County. As Officer Taylor was checking Michael W.'s

---

1. Ch. 6 of the Acts of 2001, effective October 1, 2001, amended subsection (b)(1) of § 16–113 to require a restriction, on the driver's license of an individual under 21, prohibiting the licensee from driving while having *any* alcohol in the licensee's blood. Subsection (h) was not changed. The version of the statute in effect on July 13, 1999, applies to the present case.

2. These sections, as well as other provisions of the Vehicle Laws, were amended by Chs. 4 and 5 of the Acts of 2001, effective September 30, 2001. The offense proscribed by § 21–902(a)(1) was changed from driving "while intoxicated" to driving "while under the influence of alcohol." The offense proscribed by § 21–902(b) was changed from driving "while under the influence of alcohol" to driving "while impaired by alcohol." The version of the statute in effect prior to September 30, 2001, controls in the present case.

license, he detected the odor of alcohol on Michael W.'s breath. After conducting some field sobriety tests, the officer took Michael W. to the police station where an intoximeter test revealed that Michael W.'s blood alcohol content was 0.09. As a result of the breath test, Officer Taylor issued a citation to Michael W., under § 16–113(b)(1) and (h) of the Transportation Article, for violating a restriction on his license to drive.

On August 24, 1999, Michael W. pled guilty in the District Court of Maryland to the charge of violating § 16–113(b)(1) and (h), and he paid a fine of $50. Shortly thereafter, on September 13, 1999, the State filed in the Circuit Court for Howard County a "Petition For Delinquency," charging that, on July 13, 1999, Michael W. drove "while intoxicated" or "under the influence of alcohol" in violation of § 21–902, that he drove "in violation of a restricted license" in violation of § 16–113, and that he failed "to obey a traffic control device" in violation of § 21–201 of the Transportation Article.

Michael W. filed a motion to dismiss the delinquency petition, arguing that, because of his earlier District Court conviction under § 16–113 for violating the restriction on his license, the first two charges in the delinquency petition constituted a successive prosecution for the same offense and were, therefore, barred by the prohibition against double jeopardy. With regard to the third charge of failing to obey a traffic control device in violation of § 21–201, Michael argued that, if the first two charges were dismissed, the Circuit Court would have no jurisdiction over the § 21–201 charge. See Code (1974, 1998 Repl.Vol.), § 3–804(e)(2) and (f) of the Courts and Judicial Proceedings Article.

After a hearing, the Circuit Court granted Michael W.'s motion and dismissed the petition. The State appealed, arguing that the double jeopardy prohibition did not prohibit the delinquency proceeding on the charge of driving while intoxicated or under the influence of alcohol. While conceding that the Circuit Court's dismissal was correct with respect to the second charge of driving in violation of a restricted license

under § 16–113, the State asserted that the dismissal of the first and third charges should be reversed.

The Court of Special Appeals held that the charge of driving while intoxicated or under the influence of alcohol was not precluded by double jeopardy principles but that the charge of driving in violation of a restricted license was precluded. The intermediate appellate court vacated the dismissal of the first and third charges and upheld the dismissal of the second charge of driving in violation of a license restriction. *In re Michael W.*, 134 Md.App. 144, 759 A.2d 322 (2000).

Michael W. filed in this Court a petition for a writ of certiorari, presenting a single question as follows:

"Is the State barred by the prohibition against double jeopardy from initiating proceedings before the [Circuit] Court for driving while intoxicated and under the influence of alcohol after having previously convicted the juvenile driver in the District Court for operating a vehicle in violation of an alcohol related license restriction?"

This Court granted the petition, *In re Michael W.*, 362 Md. 187, 763 A.2d 734 (2000), and we shall affirm.

## II.

The double jeopardy prohibition protects a "defendant from successive prosecution as well as cumulative punishment for the same offense. It is applicable to criminal prosecutions in this State by virtue of the Fifth and Fourteenth Amendments to the United States Constitution and Maryland common law." *Farrell v. State*, 364 Md. 499, 504, 774 A.2d 387, 390 (2001), and cases there cited. Moreover, for purposes of the double jeopardy prohibition, a juvenile delinquency proceeding is treated as a criminal prosecution. *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *In re Mark R.*, 294 Md. 244, 254–261, 449 A.2d 393, 399–403 (1982); *Parojinog v. State*, 282 Md. 256, 384 A.2d 86 (1978). *See also In re John P.*, 311 Md. 700, 707–710, 537 A.2d 263, 266–268 (1988).

■ In the present case, both the parties and the courts below agree that whether double jeopardy principles bar the juvenile delinquency proceeding in the Circuit Court depends upon the relationship between the offense of driving in violation of an alcohol restriction on a driver's license prohibited by § 16–113(b)(1) and (h), and driving while intoxicated or under the influence of alcohol prohibited by § 21–902(a)(1) and (b). If both offenses, when based on the same act of driving, are deemed the same offense for double jeopardy purposes, then Michael W.'s earlier District Court conviction of the § 16–113 offense would bar the later Circuit Court proceeding based on the alleged commission of the § 21–902 offense. *See, e.g., Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Gianiny v. State,* 320 Md. 337, 577 A.2d 795 (1990); *Middleton v. State,* 318 Md. 749, 758–760, 569 A.2d 1276, 1280–1281 (1990); *Parojinog v. State, supra,* 282 Md. 256, 384 A.2d 86; *Thomas v. State,* 277 Md. 257, 353 A.2d 240 (1976).

The normal test for determining whether different statutory or common law offenses should be deemed the same offense for double jeopardy purposes has been described by various names, including the "required evidence test," the "elements test," the "same elements test," the "same evidence test," and the *"Blockburger* test." [3] This test focuses upon the elements of each offense. We have on numerous occasions repeated the explanation of the test set forth in *Thomas v. State, supra,* 277 Md. at 267, 353 A.2d at 246–247:

"The required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy

---

**3.** *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). The Supreme Court had earlier applied the test in *Gavieres v. United States,* 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911), and *In re Nielsen,* 131 U.S. 176, 187–188, 9 S.Ct. 672, 676, 33 L.Ed. 118, 122 (1889). Both *Gavieres* and *Nielsen* relied on the opinion of the Supreme Judicial Court of Massachusetts in *Morey v. Commonwealth,* 108 Mass. 433 (1871).

purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes."

Furthermore, "[w]hen applying the required evidence test to multi-purpose offenses, *i.e.*, offenses having alternative elements, a court must 'examin[e] the alternative elements relevant to the case at issue.'" *State v. Lancaster,* 332 Md. 385, 392, 631 A.2d 453, 457 (1993), quoting *Snowden v. State,* 321 Md. 612, 618, 583 A.2d 1056, 1059 (1991). *See Thomas v. State, supra,* 277 Md. at 268–269, 353 A.2d at 247–248. *See also United States v. Dixon,* 509 U.S. 688, 698, 113 S.Ct. 2849, 2857, 125 L.Ed.2d 556, 559 (1993); *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *State v. Ferrell,* 313 Md. 291, 298, 545 A.2d 653, 656 (1988); *Nightingale v. State,* 312 Md. 699, 705–706, 542 A.2d 373, 375–376 (1988); *Newton v. State,* 280 Md. 260, 268–273, 373 A.2d 262, 266–269 (1977).

In the case at bar, it is clear that driving while intoxicated or under the influence of alcohol has a distinct element which is not present in the restrictive license driving offense under § 16–113(b)(1) and (h). Section 21–902(a)(1) and (b) required that the State establish that the defendant was either intoxicated or under the influence of alcohol. Neither intoxication nor driving while under the influence of alcohol was an element of the § 16–113(b)(1) and (h) offense in 1999 or today. While the § 16–113(b)(1) and (h) offense in 1999 required proof of a blood alcohol concentration of 0.02, such concentration does not establish either intoxication or being under the influence of alcohol.

The State argues that the offense under § 16–113(b)(1) and (h) had three elements not contained in the offense proscribed by § 21–902(a)(1) and (b), namely a specific blood alcohol percentage, the age of the defendant, and the requirement that the defendant violate a restriction on a driver's license issued by the Maryland Motor Vehicle Administration. Al-

though we do not decide whether the first two of these are distinct elements for double jeopardy purposes, we agree with the State and the Court of Special Appeals that the third is a distinct element. We fully concur with the following explanation by Judge Moylan for the Court of Special Appeals (*In re Michael W., supra*, 134 Md.App. at 151, 759 A.2d at 326):

"The State argues that the unique element is the age limitation, for a § 16–113(h) violation, that the violator be under 21 years of age. We hesitate to rest our analysis exclusively on that factor, for it could be argued that the status of being under 21 years of age simply establishes the class of persons to whom § 16–113(h) could apply and does not represent an actual element of the unlawful behavior proscribed. It is a philosophical problem that we need not resolve, however, because we find another unique element in § 16–113(h) that clearly qualifies as an 'element.'

"To be guilty of a violation of that section, it is required that one be issued a driver's license with the aforesaid restriction. Even if under 21 years of age and even if driving with a blood-alcohol concentration of 0.02 or above, one could not violate § 16–113(h) if he were driving unlawfully without any license at all. If one were driving in Maryland with a driver's license for another state which contained no such restriction, one could not violate § 16–113(h). The State must prove, as a necessary element of the violation, that the driver possessed a Maryland license with the restriction in question. The very gravamen of the offense is the violation of the restriction on the license. Section 21–902, by contrast, contains no such requirement that one be operating under a restricted license or, indeed, under any license at all."

Consequently, under the required evidence test, the § 16–113(b)(1) and (h) offense should not be deemed the same offense as the § 21–902(a)(1) and (b) offense.

## III.

The petitioner Michael W. alternatively argues that even if the two offenses are not the same under the required evidence

test, successive prosecutions for each offense should not be permitted as a matter of Maryland law. Michael W. points out that, while the required evidence test is the "normal" test for determining whether two offenses should be deemed the same for double jeopardy purposes, it is not the exclusive test, and that Maryland common law recognizes that other considerations or "tests" are sometimes applicable. *See, e.g., Jones v. State*, 357 Md. 141, 158–167, 742 A.2d 493, 502–507 (1999); *McGrath v. State*, 356 Md. 20, 24–25, 736 A.2d 1067, 1069 (1999); *Miles v. State*, 349 Md. 215, 220 221, 707 A.2d 841, 844 (1998); *Cousins v. State*, 277 Md. 383, 397, 354 A.2d 825, 833, *cert. denied*, 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976) (a successive prosecution case in which "[w]e recognize[d] . . . that there may be situations where the required evidence test, coupled with the principle of collateral estoppel, might not be adequate to afford the protection against undue harassment embodied in the purpose of the prohibition against double jeopardy").

Michael W. makes two arguments as to why the juvenile delinquency prosecution for driving while intoxicated or under the influence of alcohol should be barred because of the earlier conviction under § 16–113(b)(1) and (h).

*First,* he contends that the General Assembly intended that all motor vehicle offenses by a juvenile, based on the same incident, be tried together. Michael W., however, cites no statutory provision or legislative history expressly supporting this proposition. His argument is based entirely on § 3–804(e)(2) and (f) of the Courts and Judicial Proceedings Article, which provides that a circuit court, exercising juvenile jurisdiction, has no jurisdiction over traffic offenses which carry no penalty of incarceration, committed by a child at least 16 years old, unless such offenses are charged along with a traffic offense within the court's jurisdiction and both are based on the same incident.[4] These provisions relate entirely

---

4. Section 3–804(e)(2) and (f) provides as follows:
   " **§ 3–804. Jurisdiction of court.**

to the authority of a court exercising juvenile jurisdiction and not to the matter of successive prosecutions.  Moreover, § 3–804(f) expressly applies when the alleged violations are charged together.  This is an implicit acknowledgment that the traffic violations may be charged separately, and, if they are, § 3–804(f) would have no application.  Finally, as we held in *Cousins v. State, supra,* 277 Md. at 394–395, 354 A.2d at 832,

> "in the absence of any common law right or rule of procedure existing in Maryland requiring compulsory joinder or all offenses arising from the same act, conduct or criminal episode, there would be no basis for adopting the same transaction test.
>
> "Maryland has never recognized a common law right to have joined at one trial all offenses arising from the same transaction."

While statutory provisions or rules of procedure might, in specific instances, provide for compulsory joinder of offenses arising from one transaction, § 3–804(e)(2) and (f) of the Courts and Judicial Proceedings Article does not so provide.

*Second,* Michael W. contends that, as a matter of Maryland common law, we should follow the "more expansive" test for determining the same offense which was set forth in *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). *Grady v. Corbin* was strictly a holding under the Double Jeopardy Clause of the Fifth Amendment, and it was express-

---

\* \* \*

(e) *Limitations.*—The court does not have jurisdiction over:

\* \* \*

(2) A child at least 16 years old alleged to have done an act in violation of any provision of the Transportation Article or other traffic law or ordinance, except an act that prescribes a penalty of incarceration. . . .

\* \* \*

(f) *Violations of traffic laws or ordinances.*—If the child is charged with two or more violations of the Maryland Vehicle Law, another traffic law or ordinance, or the State Boat Act, allegedly arising out of the same incident and which would result in the child being brought before both the court and a court exercising criminal jurisdiction, the court has exclusive jurisdiction over all of the charges."

ly overruled by *United States v. Dixon, supra,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556. Moreover, we indicated in different opinions in *Whittlesey v. State,* 326 Md. 502, 523, 540, 606 A.2d 225, 235, 243, *cert. denied,* 506 U.S. 894, 113 S.Ct. 269, 121 L.Ed.2d 198 (1992), that "[w]e make no attempt to pinpoint the holdings of *Corbin*" and that "[t]he scope of the *Grady v. Corbin* holding is not entirely clear." We decline to adopt the confused and discredited *Grady v. Corbin* holding as part of Maryland common law.

Neither the Double Jeopardy Clause of the Fifth Amendment nor Maryland law barred the juvenile proceedings on the charge of driving while intoxicated or under the influence of alcohol.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.*