577 A.2d 795

**Frank Raymond GIANINY**

v.

**STATE of Maryland.**

**No. 66, Sept. Term, 1989.**

Court of Appeals of Maryland.

Aug. 14, 1990.

338

Michael J. McAuliffe (Quinn & McAuliffe, both on brief) Rockville, for petitioner.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, JJ., and THEODORE G. BLOOM, Associate Judge of the Court of Special Appeals, Specially Assigned.

THEODORE G. BLOOM, Judge, Specially Assigned.

The Double Jeopardy Clause of the Fifth Amendment, "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb," is enforceable against the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 715, *on remand,* 8 Md.App. 388, 260 A.2d 86 (1969). The sole question presented by this case is whether that clause, or Maryland common law double jeopardy principles, or both, bar a prosecution for automobile manslaughter,[1] after the defendant has paid a pre-set fine for negligent driving,[2] pursuant to a traffic citation issued to him following the motor vehicle collision that resulted in the death charged in the subsequent prosecution.

## I

The essential, and undisputed, facts of this case are as follows. On 20 November 1988 an automobile driven by

---

1. Md.Code (1957, 1987 Repl.Vol., 1989 Supp.), Art. 27, § 388.

2. Md.Code (1977, 1987 Repl.Vol.), Transportation Article, § 21–901.1.

Frank Gianiny collided with another motor vehicle. The driver of the other vehicle died as a result of injuries sustained in that collision. The police officer who investigated the occurrence issued traffic citations to Gianiny, on Maryland Uniform Complaint and Citation forms, charging him with violations of three sections of the Maryland Vehicle Law: Transportation Art., § 21–801(b) (failure to control speed to avoid collision); § 21–309 (failure to drive in a designated lane); and § 21–901.1(b) (negligent driving). Trial on those charges in the District Court was eventually set for 3 February 1989. On 30 January 1989, however, Gianiny, having been forewarned that he was about to be indicted for automobile manslaughter, paid a fine of $45.00 for negligent driving as an alternative to appearing for trial on that charge, as provided in the Uniform Traffic Citation. On 2 February 1989 an indictment charging Gianiny with manslaughter by automobile (Count I) and driving at an excessive rate of speed (Count II) was filed in the Circuit Court for Montgomery County. Gianiny's motion to dismiss the first count of that indictment on double jeopardy grounds was denied; he appealed to the Court of Special appeals, and this Court issued a writ of certiorari prior to any proceedings in the intermediate appellate court.

## II

In *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932), the Supreme Court set forth the general test for determining whether two offenses should be deemed the same for double jeopardy purposes:

> The applicable rule is that when the same action constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,....

In *Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 2225–26, 53 L.Ed.2d 187, 194–95 (1977), the Court explained that if two offenses are the same under the *Blockburger*

test successive prosecutions are barred. A lesser included offense, one which requires no proof beyond that which is required for conviction of the greater offense, is the same statutory offense as the greater offense under the *Blockburger* test. Thus, whichever is prosecuted first, "the Fifth Amendment forbids successive prosecution ... for a greater and lesser included offense." 432 U.S. at 168–69, 97 S.Ct. at 2226–27, 53 L.Ed.2d at 195–96.[3]

The *Blockburger* or "required evidence" test for determining whether two offenses are the same for double jeopardy purposes has been expanded. In *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the Supreme Court suggested, and in *Grady v. Corbin*, —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), it held that the

---

3. As pointed out in *Brown,* 432 U.S. at 169 n. 7, 97 S.Ct. at 2227 n. 7, an exception may exist where the government "is unable to proceed on the more serious charge at the outset because the additional facts necessary to sustain that charge have not occurred or have not been discovered despite the exercise of due diligence." *See Diaz v. United States,* 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). In that case, the defendant was tried and convicted for assault and battery. Thereafter, the victim died, and the defendant was then tried and convicted for homicide. The Court held that the Double Jeopardy Clause did not bar the subsequent homicide prosecution because the crime of homicide was not complete until after the trial for assault and battery. At what point along the continuum between indictment and trial and conviction for the lesser charge the additional facts necessary to sustain the greater charge must have occurred or been discovered in order for prosecution of the greater charge to be barred by conviction of the lesser is not firmly established. Justice Brennen's concurring opinion in *Ashe v. Swenson,* 397 U.S. 436, 453 n. 7, 90 S.Ct. 1189, 1199 n. 7, 25 L.Ed.2d 469 (1970), suggests that if a crime is not completed or not discovered, despite diligence on the part of the police "until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the same transaction rule should be made to permit a separate prosecution." In *Blackledge v. Perry,* 417 U.S. 21, 29 n. 7, 94 S.Ct. 2098, 2103 n. 7, 40 L.Ed.2d 628 (1974), the Court referred to *Diaz* as a case in which it was impossible to charge the defendant with a more serious crime "at the outset." The dissenting opinion of Justice Stevens in *Garrett v. United States,* 471 U.S. 773, 779–807, 105 S.Ct. 2407, 2411–2426, 85 L.Ed.2d 764 (1985), suggests that "at the outset" may be at time of indictment for the lesser offense. In the case *sub judice,* the State conceded that the officer who served the traffic citations on Gianiny was aware at the time that the driver of the other vehicle had died.

Double Jeopardy Clause bars a subsequent prosecution that would not be barred under the *Blockburger* test if the government, in order to establish an essential element of the subsequently charged offense, will prove the conduct for which the defendant has already been prosecuted.

## III

 Maryland common law double jeopardy principles as well as the Fifth Amendment protect an accused against twice being put in jeopardy for the same offense. *Middleton v. State*, 318 Md. 749, 756–57, 569 A.2d 1276, 1979–80 (1990). When a person is charged with different offenses arising out of the same transaction, the normal test for determining whether they are the "same offense" for double jeopardy purposes is the "same evidence" or "required evidence" test that was applied by the Supreme Court in *Blockburger v. United States, supra. Id. See also State v. Ferrell*, 313 Md. 291, 297, 545 A.2d 653, 656 (1988); *Nightingale v. State*, 312 Md. 699, 702–03, 542 A.2d 373, 374–75 (1988); *Brooks v. State*, 284 Md. 416, 423, 397 A.2d 596, 600 (1979); *Thomas v. State*, 277 Md. 257, 262–67, 353 A.2d 240, 243–47 (1976).

Judge Eldridge, writing for the Court in *Middleton*, pointed out:

> The Maryland common law double jeopardy prohibition consists of "different but related rules," some of which embody several distinct pleas at common law. *Pugh v. State*, 271 Md. 701, 705, 319 A.2d 542, 544 (1974).

> One of those common law pleas, *autrefois convict*, generally means that " 'where there had been a final [judgment] . . . of conviction, . . . the defendant could not be a second time placed in jeopardy for the particular offense.' " *Hoffman v. State*, 20 Md. 425, 434 (1863). *See* 4 Blackstone, *Commentaries on the Laws of England*, 335–36 (Lewis, ed. 1897); 1 Chitty, A Practical Treatise On The Criminal Law 376 (1819) ("The plea of *autrefois convict* depends . . . on the principle that no

man shall be more than once in peril for the same offense").

318 Md. at 756–57, 569 A.2d at 1279.

## IV

 Negligent driving is a lesser included offense within the greater offense of manslaughter by automobile. Although negligent driving is a violation of the Maryland Vehicle Law rather than the criminal code, it is a misdemeanor by virtue of § 27–101 of the Transportation Article, which provides that it is a misdemeanor for any person to violate any provision of the Maryland Vehicle Law unless the violation is declared to be a felony. (Negligent driving is not declared to be a felony.) Manslaughter by automobile is also a misdemeanor. Art. 27, § 388.

A comparison of the two statutes clearly demonstrates that in order to prove the greater offense, manslaughter by automobile, the State must necessarily prove the lesser offense, negligent driving. Article 27, § 388 provides:

> Every person causing the death of another as the result of the driving, operation, or control of an automobile, motor vehicle, motorboat, locomotive, engine, car, streetcar, train or other vehicle in a grossly negligent manner shall be guilty of a misdemeanor....

Under § 21–901.1(b) of the Transportation Article, one is guilty of negligent driving if he or she drives a motor vehicle in a careless or imprudent manner that endangers property or the life or person of an individual.

It is obvious that the offense of negligent driving requires no proof beyond that which is required for conviction of manslaughter by automobile or motor vehicle. The traffic offense requires proof of the operation of a motor vehicle in a negligent manner, *i.e.*, in a careless or imprudent manner that endangers property or the life or person of an individual. Manslaughter by motor vehicle requires proof of grossly negligent driving, which necessarily includes negligent driving, plus proof that someone's death

resulted from that conduct. Under the *Blockburger* or required evidence test, therefore, the offenses are the same for double jeopardy purposes, and a conviction of the lesser offense bars a subsequent prosecution for the greater.

## V

The State contends that the payment of the sum designated as a fine on the Uniform Complaint and Citation "does not constitute a conviction following initial jeopardy serving to bar subsequent prosecution." Its adroit and resourceful argument in support of that contention begins with the assertion that it is essential to a plea of double jeopardy that the accused must have been put in jeopardy, and concludes that Gianiny was not in jeopardy for negligent driving. *Blondes v. State,* 273 Md. 435, 444, 330 A.2d 169, 173 (1975), is cited for the proposition that jeopardy attaches in a jury case when the jury is selected and sworn and in a non-jury case when the judge begins to receive evidence. In the case of a guilty plea, the argument continues, jeopardy attaches when the guilty plea is accepted by the court. *Sweetwine v. State,* 288 Md. 199, 203, 421 A.2d 60, 62–63 (1980); *Banks v. State,* 56 Md.App. 38, 47, 466 A.2d 69, 73 (1983). When the recipient of a traffic citation delivers to the Clerk of the District Court a pre-trial payment of the sum designated on the citation as a fine, there is no trial. The receipt of the money, the State posits, cannot be construed as the acceptance of a guilty plea, in the absence of any litany as to waiver of rights, *see Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), or determination that the plea was voluntary. *See State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981).

Since the depositing of money with the clerk of the District Court as payment of the "fine" set by the citation cannot be a guilty plea, the argument continues, such payment or deposit must be construed as nothing more than the posting of collateral which is forfeited when the defendant fails to appear for trial. Section 11–110 of the Transportation Article provides that forfeiture of collateral as

well as payment of a fine constitute a conviction, and although the citation refers to the amount that may be paid in order to avoid trial as a fine and warns that payment will constitute a conviction, the State asserts that such description should not be dispositive.

Concluding its argument, the State posits that if the payment of the ticket is deemed to be the posting of collateral that would be forfeited or converted to a fine when the defendant fails to appear on the scheduled trial date, in this case there was no forfeiture and thus no fine and no conviction because the filing of the indictment in the circuit court on 2 February 1989 divested the District Court of all jurisdiction including the jurisdiction to forfeit the deposit, prior to the scheduled trial date. Md.Code (1977, 1987 Repl.Vol.), Courts Article, § 4–301(a), vests in the District Court exclusive original jurisdiction over violations of the vehicle laws except as provided in § 4–302 and § 3–804. Section 4–302(f) provides, in pertinent part, that the District Court does not have jurisdiction over an offense that would otherwise be within its jurisdiction "if a person is charged: ... (ii) [i]n the circuit court with an offense arising out of the same circumstances...." *See Powers v. State*, 70 Md.App. 44, 519 A.2d 1320 *cert. denied*, 309 Md. 521, 525 A.2d 636 (1987).

There are a number of fallacies in the State's argument. Addressing them in reverse order, we first note that what the Uniform Complaint and Citation designates as a fine is, indeed, a fine and not collateral to be posted and forfeited. Section 26–204(a) of the Transportation Article provides that a person shall comply with the notice to appear contained in a traffic citation. Subsection (b), however, allows a person to comply with the notice to appear by appearing in person or by counsel or by payment of the fine if provided for in the citation. Section 26–204 clearly distinguishes between the payment of a fine as provided for in the traffic citation and the posting of a bond or security deposit to ensure the defendant's appearance in court. If the defendant fails to appear, that is, appear on the desig-

nated trial date in person or by counsel or by payment of the fine provided on the citation, the District Court is to notify the Motor Vehicle Administration, which will then notify the defendant that his or her driving privileges will be suspended unless, within 15 days, the person pays the fine or requests a new trial date and posts a bond or penalty deposit to secure his appearance. This statutory scheme makes it quite clear that the $45.00 that Gianiny paid to the Clerk of the District Court on 30 January 1988 was a fine, not collateral to secure his appearance.

Moreover, a traffic citation does not set a date for trial. Only if the recipient fails to pay the fine promptly or there is no payable fine shown on the citation will a trial date be set. The money may, and frequently is, paid before the District Court sends notice of a trial date. Such payment can hardly be deemed to be collateral to be forfeited on a trial date if it is contemplated that no trial date may ever be set.

Gianiny paid a fine. Pursuant to § 11–110(a)(4) of the Transportation Article, by paying the fine he stood convicted of negligent driving. It is immaterial that that conviction did not result from a trial or from acceptance of a guilty plea meeting all the constitutional and statutory criteria for acceptance of guilty pleas. The statutory laws of this State authorize one to appear in response to a traffic citation that provides for payment of a fine by paying the fine, with the clear understanding that such payment will constitute a conviction.

The contention that jeopardy never attached because there was no trial and no acceptance of a guilty plea deserves no lengthy discussion. When one has been convicted and punished for a criminal offense, he has been in jeopardy. At what stage of criminal proceedings jeopardy attaches becomes significant only if there is an attempt to reinstitute a criminal prosecution that terminated prior to judgment. If the prosecution terminated before jeopardy attached, the prohibition against double jeopardy simply will not apply; if the proceeding terminated before judgment

but after jeopardy attached, whether further prosecution is barred will depend upon how and why the first prosecution terminated. But once a prosecution has concluded with either a conviction or an acquittal, no further prosecution may be had for the same offense. Long before courts began to be concerned with the more subtle nuances on the fringes of the subject of double jeopardy—collateral estoppel, multiple-jurisdiction prosecutions, prosecutorial overreaching, aborting and restarting prosecutions, etc.—the heart of the law of double jeopardy lay in the two common law pleas of *autrefois acquit* and *autrefois convict. See Middleton v. State, supra (autrefois convict); Daff v. State,* 317 Md. 678, 683–85, 566 A.2d 120, 122–23 (1989) (*autrefois acquit*). A prosecution had proceeded to final judgment, and the defendant had either been convicted or acquitted. In either case, he could not be put in jeopardy again for the same offense—in jeopardy of being convicted of a crime for which he had been acquitted; in jeopardy of being twice convicted and punished for the same crime.

Finally, the State asserts that one should not be permitted to procure his own conviction on a lesser charge in order to escape, on double jeopardy grounds, prosecution and punishment for a greater offense. Whatever merit there may be in that general proposition, we find no applicability for it in this case. Gianiny did not procure his own conviction. He was charged with a traffic offense for which he was required to stand trial or pay a fine. Having probably received sound legal advice to do so, he chose the latter. The State prosecuted him; he did not prosecute himself.

## VI

Both Maryland common law and the Double Jeopardy Clause of the Fifth Amendment, therefore, bar prosecution of Gianiny for automobile manslaughter. His motion to dismiss the indictment for manslaughter by motor vehicle was the modern equivalent of the common law plea of *autrefois convict.* Because he has been convicted of and punished (fined) for the lesser included offense of negligent

driving, no matter how that conviction came about, he cannot be prosecuted for the greater offense of vehicular manslaughter.

JUDGMENT OF THE CIRCUIT COURT FOR MONT-GOMERY COUNTY REVERSED.

COSTS TO BE PAID BY MONTGOMERY COUNTY.