861 A.2d 727

**Clifton COLLINS**

**v.**

**STATE of Maryland.**

**No. 24, Sept. Term, 2004.**

Court of Appeals of Maryland.

Nov. 16, 2004.

**686**

Bradford C. Peabody, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

RAKER, J.

This is another case addressing sentence enhancement based on prior offenses. In this appeal, we must interpret Md.Code (1957, 1996 Repl.Vol., 2001 Cum.Supp.), Art. 27, § 293, second or subsequent offenses, and Art. 27, § 291A, possession, ownership, transportation, etc., of a firearm,[1] and decide whether a sentence enhancement for repeat drug offenders may be imposed when a defendant is sentenced for a firearms offense that, by definition, can only be committed by prior drug offenders.[2] We shall hold that the Legislature

---

1. Unless indicated otherwise, all future statutory references will be to Md.Code (1957, 1996 Repl.Vol., 2001 Cum.Supp.), Art. 27. Article 27, § 293 was repealed and recodified without substantive change as Md. Code (2002), § 5–905 of the Criminal Law Article. Article 27, § 291A was repealed and recodified without substantive change as Md.Code (2002), § 5–622 of the Criminal Law Article. Throughout this opinion, we shall refer to the statutes as they were designated at the time of Appellant's conviction.

2. Article 27, § 291A applies specifically to persons previously convicted of Controlled Dangerous Substances offenses, as distinguished from the

could not have intended to treat a first offense under § 291A as a "second or subsequent offense" under the circumstances presented in this case and, accordingly, we shall vacate the sentence and remand for resentencing.

## I.

Appellant Clifton Collins was convicted in the Circuit Court for Queen Anne's County of possession of a firearm pursuant to § 291A, and of illegally carrying a handgun on his person pursuant to § 36B(b). On August 5, 2003, on the drug-felon in possession of a firearm count, the court imposed a sentence of ten years. The court imposed a concurrent three year sentence for carrying a handgun. The court enhanced Collins's § 291A sentence pursuant to § 293, which permits the imposition of a sentence twice that otherwise authorized. The maximum sentence set out in § 291A is a term of incarceration up to five years; nonetheless, the court determined that Collins's prior conviction rendered his current crime a "second or subsequent offense" under the enhancement provision of § 293, and therefore subject to twice the stated penalty. Collins noted a timely appeal to the Court of Special Appeals. Before that court considered the case, we granted certiorari on our own initiative. *Collins v. State*, 381 Md. 673, 851 A.2d 593 (2004).

## II.

Before this Court, Collins argues that when a defendant has been convicted for the first time of the offense of possession of a firearm under Art. 27, § 291A, it is error to enhance a sentence under Art. 27, § 293 by classifying the possession of a firearm offense as a second or subsequent offense. He reasons that if § 293 were applicable to § 291A under those circumstances, then persons convicted under § 291A would always face enhanced penalties. This reading, he suggests,

general felon in possession of a firearm statute, found at Md.Code (2003, 2004 Cum.Supp.), § 5–133 of the Public Safety Article.

would fail to effectuate the intent expressed by the Legislature when it set the maximum sentence under § 291A at five years. Alternatively, he suggests that if the Legislature's intent is ambiguous as to whether § 293 applies to § 291A, then the rule of lenity bars its application.

The State does not dispute Collins's premise that, if § 293 applies to § 291A, then all persons convicted under the latter statute are subject to an enhanced penalty, and potentially a ten year sentence. The State argues that this is precisely the intent of the Legislature. The State relies on the plain language of both statutes and concludes that their language makes clear that § 293 applies to § 291A. It also contends that, because § 291A was enacted after § 293,[3] the General Assembly is presumed to have known and intended that § 293 would apply to § 291A. Because the legislative intent is unambiguous, the State contends, the rule of lenity is inapplicable.

### III.

We review a trial court's imposition of sentence on three recognized grounds: "(1) whether the sentence constitutes cruel and unusual punishment or violates other constitutional requirements; (2) whether the sentencing judge was motivated by ill will, prejudice or other impermissible considerations; and (3) whether the sentence is within statutory limits." *Khalifa v. State*, 382 Md. 400, 416–17, 855 A.2d 1175, 1184 (2004) (quoting *Triggs v. State*, 382 Md. 27, 40, 852 A.2d 114, 122 (2004)). In the instant case, only the third ground is at issue. Because the interpretation of a statute is a pure question of law, we review the Circuit Court's decision *de novo*.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *See Melton v. State*, 379 Md. 471, 476, 842 A.2d 743, 746 (2004). We begin with the plain language of the statutes. As we have

---

**3.** Section 293 was enacted in 1970. *See* 1970 Md. Laws, ch. 403. Section 291A was enacted in 1991. *See* 1991 Md. Laws, ch. 613.

frequently stated, if the statutory language is unambiguous when construed according to its ordinary and everyday meaning, then we give effect to the statute as it is written. *Id.* at 477, 842 A.2d at 746. We have also noted, however, that "[s]tatutes that are clear when viewed separately may well be ambiguous where their application in a given situation, or when they operate together, is not clear." *Gardner v. State,* 344 Md. 642, 648, 689 A.2d 610, 613 (1997). *See also Sullins v. Allstate Ins. Co.,* 340 Md. 503, 508, 667 A.2d 617, 619 (1995) (noting similar result when construing contract terms); *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 74, 517 A.2d 730, 732 (1986) (same).

## IV.

As we have indicated, appellant was convicted of violating Article 27, § 291A, possession, ownership, transportation of a firearm. Article 27, § 291A provides, in pertinent part, as follows:

"(b) Prohibited Acts.—A person may not possess, own, carry, or transport a firearm if the person has been convicted of:

(1) A felony under this subheading [Health—Controlled Dangerous Substances];

(2) An offense under the laws of the United States, another state, or the District of Columbia that would be a felony under this subheading if committed in this State; or

(3) Conspiracy or attempt to commit any of the offenses listed in paragraphs (1) and (2) of this subsection."

The statutory penalty for a violation of Art. 27, § 291A is a fine of not more than $10,000 or imprisonment for not more than five years or both. Art. 27, § 291A(d). Appellant had been convicted previously of a drug felony under the requisite subheading, and as a result he was not allowed by law to be in possession of a firearm.

Appellant was sentenced to ten years on the possession of a firearm count. He was sentenced as a second or subse-

quent offender under Art. 27, § 293. That section provides as follows:

"(a) *More severe sentence.*—Any person convicted of any offense under this subheading is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both.

(b) *Second or subsequent offense defined.*—For purposes of this section, an offense shall be considered a second or subsequent offense, if, prior to the conviction of the offense, the offender has at anytime been convicted of any offense or offenses under this subheading or under any prior law of this State or any law of the United States or of any other state relating to the other controlled dangerous substances as defined in this subheading."

Collins has correctly identified the logical conundrum into which we are placed when interpreting §§ 293 and 291A. By its terms, § 293 applies to "any offense under this subheading . . . , if the offense is a second or subsequent offense." Section 291A falls within the Controlled Dangerous Substances subheading. Thus, when construed in isolation, § 293 would appear to apply to § 291A.

By its terms, § 291A carries a maximum penalty of imprisonment "for not more than 5 years." Yet if § 293 applies to § 291A, every person convicted under § 291A would be subject to an enhanced sentence and the maximum term would be ten years. Any person convicted of "a felony under this subheading" has been convicted of an "offense or offenses under this subheading." Any person convicted under "the laws of the United States, another state, or the District of Columbia that would be a felony under this subheading if committed in this State" has been convicted under a "law of the United States or of any other state relating to the other controlled dangerous substances as defined in this subheading." Any person convicted of "[c]onspiracy or attempt to commit any of the offenses listed in paragraphs (1) and (2) of this subsection" has been convicted of an "offense . . . under

this subheading or ... any law of the United States or of any other state relating to the other controlled dangerous substances as defined in this subheading" because attempts and conspiracies to commit Controlled Dangerous Substances offenses are proscribed explicitly by Art. 27, § 290.[4] In other words, by definition, *every* offense under § 291A would be a "second or subsequent offense" within the meaning of § 293.

■ While language such as "imprisonment for not more than 5 years" in a criminal statute impliedly is subject to exceptions created by free-standing enhancement provisions, § 293 cannot be considered an "exception" to § 291A under the State's reading. It would be universally applicable, and "imprisonment for not more than 5 years" would *never* be the maximum penalty for a violation of § 291A. When construing a statute, we recognize that it "should be read so that no word, clause, sentence or phrase is rendered superfluous or nugatory." *James v. Butler*, 378 Md. 683, 696, 838 A.2d 1180, 1187 (2003); *Benedict v. State*, 377 Md. 1, 7, 831 A.2d 1060, 1063 (2003); *Condon v. State*, 332 Md. 481, 491, 632 A.2d 753, 758 (1993). Interpreting the statutes as the State urges would render the words "five years" nugatory, because those words would never describe the maximum penalty for a violation of § 291A.

■ Our textual analysis has left us with two possible interpretations of the statutes. When two or more reasonable alternative interpretations of a statute exist, that statute is by definition ambiguous. *Deville v. State*, 383 Md. 217, 223, 858 A.2d 484, 487 (2004). Where the language of a statute is ambiguous, we examine its statutory purpose, considering not only the ordinary meaning of words, but also how that lan-

---

4. Article 27, § 290 states:
   "Except as provided elsewhere under this subheading, any person who attempts, endeavors or conspires to commit any offense defined in this subheading is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed by the offense, the commission of which was the object of the attempt, endeavor, or conspiracy."

guage relates to the overall meaning, setting, and purpose of the act. *Deville* at 223, 858 A.2d at 487; *Melgar v. State,* 355 Md. 339, 347, 734 A.2d 712, 716 (1999). Therefore, when interpreting unclear language within a statute, we consider both the particular and broad objectives of the legislation, in addition to the overall purpose of the statutory scheme. See *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675, 678–79 (1994).

The purpose of any repeat-offender penalty enhancement is to create a differential in the potential punishments imposed upon first-time and repeat offenders. This differential can serve a number of ends. Individuals with prior convictions have demonstrated a higher propensity toward criminality than the population at large. As such, deterring them from future offences may necessitate the threat of more severe penalties than would be required for the average citizen. Persons who in fact commit a second or subsequent offense may pose greater dangers to the community than first-time offenders, and hence may justify longer periods of incapacitation to protect the public safety. Finally, repeat offenders may be more morally blameworthy than first-time offenders, and hence deserve a stronger measure of retribution.

However enhanced penalty statutes may be justified, it is axiomatic that they serve their ends only when they are enhancements, *i.e.,* only when they actually differentiate among classes of offenders. Applying § 293 to § 291A does not effectuate these ends, because by its terms § 293 would group all persons convicted under § 291A into a single class. Doubling Collins's sentence does not "enhance" it relative to any other offender's sentence, and makes no sense when viewed in this context. In our view, the only reasonable construction of the two statutes is that the Legislature did not intend defendants such as Collins to be considered "second or subsequent" offenders subject to penalty enhancement.

The State argues that, because § 291A was enacted after § 293, the Legislature is presumed to have known and intended that § 293 would apply to § 291A. We generally

presume that the Legislature " 'had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute and the policy of the prior law.' " *Division of Labor v. Triangle General Contractors, Inc.*, 366 Md. 407, 422, 784 A.2d 534, 542 (2001) (quoting *In re Special Investigation No. 236*, 295 Md. 573, 576, 458 A.2d 75, 76 (1983)). The State is correct that enhanced penalties for second or subsequent drug offenders have a long history in Maryland. Section 293 dates to 1970, *see* 1970 Md. Laws, ch. 403, and the provision it replaced dates to 1935. *See* 1935 Md. Laws, ch. 59, § 285V, which states:

"Any person violating any provision of this subtitle [Health—Narcotic Drugs] shall, upon conviction, be punished for the first offense by a fine not exceeding one thousand dollars ($1,000.00) or by imprisonment for not exceeding three years, or both; and for any subsequent offense by a fine not exceeding three thousand dollars ($3,000.00) or by imprisonment for not exceeding five years, or both."

Section § 285V was codified as Md.Code (1939), Art. 27, § 352, and recodified, with amendments,[5] over the years as Md.Code (1951), Art. 27, § 369 and Md.Code (1951, 1967 Repl.Vol.), Art. 27, § 300.

The State's argument—that when the Legislature enacted § 291A in 1991,[6] it must have recognized and intended that the penalty would be subject to enhancement under § 293—is superficially appealing. But complicating matters is the incongruous codification of an essentially "pure" firearms regulation under a subheading of the Code otherwise given to the classification and regulation of controlled substances. Unlike § 281A(b), proscribing the possession of a firearm "[d]uring and in relation to any drug trafficking crime ... under sufficient circumstances to constitute a nexus to the drug

---

**5.** *See* 1951 Md. Laws, ch. 24, § 466; 1963 Md. Laws, ch. 772; 1964 Md. Laws, ch. 55.

**6.** *See* 1991 Md. Laws, ch. 613.

trafficking crime," § 291A requires no nexus between the act of possession and any drug activity whatsoever. As such, the prohibition contained in § 291A may more logically fit within § 445 of the Regulated Firearms heading, which proscribes possession of a firearm by certain enumerated classes of persons.[7] The Legislature is, of course, free to arrange the Code in any manner it sees fit, but doing so inconsistently can give rise to interpretive difficulties such as the one *sub judice*.

As it happens, a more limited prohibition against possession of firearms by certain drug felons *was* once contained within § 445. From 1989 to 1991, § 445(c) provided, in pertinent part, as follows:

"A person may not possess a pistol or revolver if the person:

(1) Has been convicted of:

(i) A crime of violence;

(ii) Any provisions of this subtitle [Regulated Firearms]; or

(iii) Any of the provisions of § 286 [8], § 286A [9], or § 286C [10] of this article or any conspiracy to commit any crimes established by those sections."

---

**7.** Among those so prohibited are persons convicted of crimes of violence, of any felony, of misdemeanors punishable by more than two years imprisonment, and of common law offenses for which the person received more than two years imprisonment. § 445(d)(1). Persons under thirty who were adjudged delinquent as juveniles for such offenses are similarly prohibited from possessing firearms. § 445(d)(3). Also banned from firearm possession are fugitives from justice, habitual drunkards, persons addicted to or habitually using controlled dangerous substances, persons suffering from certain mental disorders, and persons subject to certain civil protective orders. § 445(d)(2). Section 445(d) has since been recodified without substantive change at Md. Code (2003), § 5–133 of the Public Safety Article.

**8.** "Unlawful manufacture, distribution, etc.; counterfeiting, etc.; manufacture, possession, etc. of certain equipment for illegal use; keeping common nuisance."

**9.** "Bringing into State in excess of certain amounts."

**10.** "Using minors for manufacture, delivery or distribution of controlled dangerous substances."

Md.Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.), Art. 27, § 445(c). Violation of § 445(c)(iii) was a misdemeanor, punishable by a fine of $5000 or three years imprisonment. Md.Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.), Art. 27, § 448. This prohibition was introduced into Section 445 by 1989 Md. Laws, ch. 428. In the Floor Report to House Bill 654, subsequently enacted as 1989 Md. Laws, ch. 428, the Senate Judicial Proceedings Committee stated as follows:

> "Testimony indicated that the inclusion of convicted drug sellers and dealers in the list of persons specifically prohibited from purchasing and possessing handguns is necessary and overdue, especially since drug wars involving guns have grown more commonplace."

In 1991, the General Assembly enacted 1991 Md. Laws, ch. 613. This statute created § 291A and repealed § 445(c)(1)(iii). This action had several effects. All drug-felons, not only those convicted under § 286, § 286A, or § 286C, were subject to the prohibition. The statute now applied to all firearms, not just pistols and revolvers.[11] The offense was now classified as a felony, rather than a misdemeanor. The codification of the prohibition was moved from the Regulated Firearms subtitle to the Health—Controlled Dangerous Substances subheading of Article 27. Finally, the penalty was increased from the original $5000 or three years imprisonment. The level to which the penalty was increased is the subject of our present inquiry.

If Collins's reading is correct, the Legislature intended to increase the maximum penalty to $10,000 or five years imprisonment. In moving the prohibition to the Controlled Dangerous Substances subheading, then, the Legislature either failed to notice that § 293 apparently applied to every violator of § 291A, or else affirmatively believed that § 293 did not apply in that fashion.

---

11. Section 445 proscribed only pistols and revolvers until it was amended by the Maryland Gun Violence Act of 1996, 1996 Md. Laws, ch. 561, § 2.

If the State's reading is correct, the Legislature intended to increase the maximum penalty to $20,000 or ten years imprisonment for all offenders. It went about doing so in the rather unusual manner of wording a statute so that every offender would be subject to a separate penalty-doubling statute, and then specifying a penalty one-half the amount actually intended.

A review of the Senate Judicial Proceedings Committee's bill file on House Bill 978, subsequently enacted as 1991 Md. Laws, ch. 613, reveals no indication of a legislative intent to set the penalty at ten years imprisonment. Rather, the "Summary of Bill" which appears in both the Bill Analysis and the Floor Report indicates merely that "[t]he bill imposes a penalty of a fine of up to $10,000 or imprisonment for up to 5 years or both." It strains credibility to imagine that the Legislature would have chosen to enact a ten year penalty using the words "five years," without some official discussion of this anomalous drafting technique. To paraphrase Sir Arthur Conan Doyle, this is a dog that would have barked,[12] were the State's theory correct. Its silence suggests otherwise.

Accordingly, we hold that the maximum penalty which can be imposed on Collins for his violation of § 291A is five years imprisonment.

***SENTENCE VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR QUEEN ANNE'S COUNTY FOR RESENTENCING CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY QUEEN ANNE'S COUNTY.***

---

**12.** *See* Arthur Conan Doyle, *The Adventure of the Silver Blaze,* 4 The Strand Mag. 645, 656 (1892).