901 A.2d 820

**David Louis TOTH**

v.

**STATE of Maryland.**

**No. 96, Sept. Term, 2005.**

Court of Appeals of Maryland.

June 5, 2006.

Peter Ayers Winbrow, III, Ocean City, for appellant.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellee.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

CATHELL, J.

This case arises out of a traffic stop that occurred on June 12, 2004, in Worcester County. David Louis Toth, appellant, was charged with speeding, driving while under the influence of alcohol and driving while impaired by alcohol, violations of Maryland Code (1977, 2002 Repl.Vol.), §§ 21–801.1 and 21–902(a) and (b) of the Transportation Article.[1] The case was

---

1. Maryland Code (1977, 2002 Repl.Vol.), § 21–801.1 of the Transportation Article states in pertinent part:

 " **§ 21–801.1. Maximum limits.**
 (a) *General rule.*—Unless there is a special danger that requires a lower speed to comply with § 21–801 of this subtitle, the limits specified in this section or otherwise established under this subtitle are maximum lawful speeds. A person may not drive a vehicle on a highway at a speed that exceeds these limits.
 (b) *Specified limits.*—Except as otherwise provided in this section, the maximum speed limits are:
 (1) 30 miles an hour on:
 (i) All highways in a business district; and
 (ii) Undivided highways in a residential district;
 (2) 35 miles an hour on divided highways in a residential district;
 (3) 50 miles an hour on undivided highways in other locations; and
 (4) 55 miles an hour on divided highways in other locations.
 (c) *Continuation of certain prior limits.*—Except as provided in subsection (e) of this section, a posted maximum speed limit lawfully in effect on December 31, 1974, is a maximum lawful speed even if it differs from a limit specified in subsection (b) of this section."
 The posted maximum speed limit in the case *sub judice* was forty (40) miles an hour. According to the arresting officer's radar equipment, appellant was driving fifty-nine (59) miles an hour.
 Maryland Code (1977, 2002 Repl.Vol.), § 21–902 of the Transportation Article states in pertinent part:
 "**§ 21–902. Driving while under the influence of alcohol, while under the influence of alcohol per se, while impaired by alcohol, or while impaired by a drug, a combination of drugs, a combination of one or more drugs and alcohol, or while impaired by a controlled dangerous substance.**

originally scheduled to be tried in the District Court of Maryland but appellant prayed a jury trial and the case was transferred to the Circuit Court. Appellant then filed a motion to suppress in connection with the § 21–902 charges. On February 2, 2005, a hearing was held on appellant's motion to suppress. The motion was granted on the same day and on that date the State, appellee, entered a *nolle prosequi*[2] for the charges, leaving only the speeding violation before the Circuit Court.[3] Pursuant to Maryland Code (1977, 2002 Repl.Vol.), § 26–204 of the Transportation Article[4] appellant attempted

---

(a) *Driving while under the influence of alcohol or under the influence of alcohol per se.*—(1) A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

(b) *Driving while impaired by alcohol.*—A person may not drive or attempt to drive any vehicle while impaired by alcohol."

**2.** Maryland Rule 4–247 states:

"**Rule 4–247. Nolle prosequi.**

(a) **Disposition by nolle prosequi.** The State's Attorney may terminate a prosecution on a charge and dismiss the charge by entering a nolle prosequi on the record in open court. The defendant need not be present in court when the nolle prosequi is entered, but in that event the clerk shall send notice to the defendant, if the defendant's whereabouts are known, and to the defendant's attorney of record.

(b) **Effect of nolle prosequi.** When a nolle prosequi has been entered on a charge, any conditions of pretrial release on that charge are terminated, and any bail bond posted for the defendant on that charge shall be released. The clerk shall take the action necessary to recall or revoke any outstanding warrant or detainer that could lead to the arrest or detention of the defendant because of that charge."

**3.** *See* Md.Code (1973, 2002 Repl.Vol.), § 4–302(e)(1) of the Courts and Judicial Proceedings Article ("The District Court is deprived of jurisdiction if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.").

**4.** Maryland Code (1977, 2002 Repl.Vol.), § 26–204 of the Transportation Article states in pertinent part:

" **§ 26–204. Compliance with traffic citations; powers of the court on noncompliance.**

(a) *Compliance required.*—A person shall comply with the notice to appear contained:

(1) In a traffic citation issued to the person under this subtitle; or

(2) In a summons, other writ, or a trial notice issued by either the District court or a circuit court in an action on a traffic citation.

(b) *Alternative means of compliance; hearing.*—(1) For purposes of this section, the person may comply with the notice to appear by:

to pay the $75.00 fine provided for in the citation issued for the speeding violation.[5] Under instructions from the circuit court judge presiding over the case, the Office of the Clerk of the Circuit Court refused to accept payment of the fine. On April 4, 2005, trial was held in the Circuit Court. Appellant again attempted to tender payment of the fine. The judge refused to accept the payment, heard from the parties, and found appellant guilty of speeding. The judge then imposed the maximum penalty for the violation ($500.00) plus costs of $166.00, for a total fine of $666.00.

Appellant timely noted an appeal to the Court of Special Appeals. This Court, on its own initiative and prior to any proceedings in the intermediate appellate court, granted certiorari. *Toth v. State*, 390 Md. 90, 887 A.2d 655 (2005). Appellant submits three questions:

"1. Did the Circuit Court err in refusing to apply § 26–204(b)(1)(iii), *Transportation, Md.Code Ann?*

2. Does a Circuit Court Judge have the authority to order the Clerk of the Circuit Court to ignore, or disobey, a Statute?

3. May the Court consider a charge, to which the State has entered a *nolle prosequi*, in sentencing?"

We hold that the Circuit Court erred in refusing to apply § 26–204(b)(1)(iii) to the case at bar by failing to adhere to the plain language of the statute and allow payment of the $75.00

---

(i) Appearance in person;
(ii) Appearance by counsel; or
(iii) Payment of the fine, if provided for in the citation."

**5.** There is some question on this record as to when exactly appellant first attempted to tender payment of the $75.00 fine. At oral argument, appellant's counsel, referencing the February 2, 2005, motion hearing, stated:

"Mr. Toth, at that time, that very day, attempted to pay the speeding ticket. That caused a whole big commotion. There was an oral order from the court. The Clerk said we can't take it [the payment].... So, eventually I sent the check to the Clerk."

This statement was not contradicted by the State. In any case, appellant attempted to pay the fine several times before trial.

fine. As a result of our disposition of question one, we need not resolve questions two and three.

## I. Facts

On October 5, 2004, trial on the traffic charges was scheduled in the District Court of Maryland. At that time appellant requested a trial by jury. All of the charges in the case were then transferred to the Circuit Court as required by Maryland Code (1973, 2002 Repl.Vol.), § 4–302(e)(1) of the Courts and Judicial Proceedings Article. *See Privette v. State,* 320 Md. 738, 745, 580 A.2d 188, 191 (1990) ("[U]nder § 4–302, once a person is charged in the circuit court, the District Court is divested of jurisdiction over *all offenses* arising out of the same accompanying facts."). On October 21, 2004, appellant filed a motion to suppress evidence in connection with the § 21–902 violations. As stated earlier, on February 2, 2005, a hearing was held before the Circuit Court and appellant's motion was granted. The State then entered a *nolle prosequi* for the § 21–902 alcohol related violations. The case remained in the Circuit Court with only the charge for a speeding violation. The docket reflects that on the next day after the motions hearing, February 3, 2005, a trial date was scheduled on the speeding charge for April 4, 2005.

Prior to April 4, 2005, appellant several times attempted to pay the $75.00 fine for the speeding violation, as indicated in the citation. Correspondence between appellant's counsel and the Office of the Clerk of the Court indicates that the trial judge ordered the Clerk not to accept payment of the fine for the speeding violation. A letter from the Clerk, dated February 10, 2005, states:

"Dear [Counsel]:

In response to your written request ... that the above referenced case be reset for a jury trial, I have conferred with [the trial judge] regarding this matter and he has advised me to schedule this case as a non-jury trial. *Also, [the trial judge] has instructed that the clerk's office should not accept payment of the fine for the speeding violation at this time.*"

[Emphasis added]. Appellant, nevertheless, sent a check in the amount of $75.00 to the Clerk's office for payment of the pre-set fine. A letter dated March 1, 2005, from the Clerk, returned that check to appellant's counsel, stating: "Dear [Counsel], Per verbal order of [the trial judge] said instrument is herewith returned, pending outcome of the April 4, 2005 Trial...."

On April 4, 2005, trial was held in the Circuit Court. When asked by the trial judge for the plea, appellant's counsel responded: "Pursuant to Section 26–204, Your Honor, he appears and tenders his check, Your Honor." After some very brief discussion concerning § 26–204, the trial judge stated: "Okay. Well, if he's got a check I'll take that as a plea of guilty. I will hear the facts." After the facts were presented, the trial judge found appellant guilty of the speeding violation. The trial judge then imposed the maximum fine of $500.00 plus $166.00 in court costs, for a total of $666.00. Appellant's counsel posited: "And, Your Honor, may I ask the Court the reasoning for the fine?" The trial judge replied: "No, sir. I've imposed my fine."

## II. Standard of Review

This case was tried in a circuit court without a jury, therefore, our standard of review is dictated by Maryland Rule 8–131(c). We recently stated in *Gray v. State*, 388 Md. 366, 879 A.2d 1064 (2005):

"According to Maryland Rule 8–131(c) 'when an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous, and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.' The clearly erroneous standard does not apply to legal conclusions. *Nesbit v. GEICO*, 382 Md. 65, 72, 854 A.2d 879, 883 (2004). 'When the trial court's order "involves an interpretation and application of Maryland statutory and case law, our Court must determine whether the lower court's conclusions are legally correct under a *de novo*

standard of review." ' *Nesbit,* 382 Md. at 72, 854 A.2d at 883 (quoting *Walter v. Gunter,* 367 Md. 386, 392, 788 A.2d 609, 612 (2002))."

*Gray,* 388 Md. at 374–75, 879 A.2d at 1068. The issues before the Court involve an interpretation and application of Maryland statutory and case law, in particular § 26–204 of the Transportation Article. Thus, we will review whether the Circuit Court's conclusion was legally correct under a *de novo* standard.

### III. Discussion

*The Plain Language of § 26–204 Allows Payment of a Citation Fine.*

 Appellant argues that the plain language of § 26–204 allows for the payment of a citation fine to constitute a conviction and, thereby, satisfy one's obligation to the court in regard to that violation. The State argues that because appellant had requested a trial for his offenses (when he prayed a jury trial for the § 21–902 violations, which were subsequently *nolle prossed* ), and the trial date of April 4, 2005, had already been set (on February 3, 2005) before appellant attempted to make payment of the citation fine, that appellant was bound to appear for trial and the Clerk did not need to accept payment of the fine amount.[6] We disagree.

 The cardinal rule of statutory interpretation is to ascertain and effectuate the intention of the Legislature. *Mackey v. Compass Mktg., Inc.,* 391 Md. 117, 141, 892 A.2d 479, 493 (2006); *Kushell v. DNR,* 385 Md. 563, 576, 870 A.2d 186, 193 (2005). If the statute is unambiguous when construed according to its ordinary and everyday meaning, then we give effect to the statute as it is written. *Mackey,* 391 Md. at 141,

---

**6.** As discussed *supra,* in footnote 5, appellant apparently attempted to pay the fine directly after the § 21–902 violations were *nolle prossed* at the motion hearing on February 2, 2005. When exactly appellant attempted to pay the citation fine, however, is not dispositive of the outcome of this case, because it is undisputed that appellant attempted to pay the fine prior to conviction and sentencing.

892 A.2d at 493; *Collins v. State,* 383 Md. 684, 689, 861 A.2d 727, 730 (2004).

Section 26–204(a) states that: "A person shall comply with the notice to appear contained: (1) In a traffic citation issued to the person under this subtitle; or (2) In a summons, other writ, or a trial notice issued by either the District Court or a *circuit court* in an action on a traffic citation." (Emphasis added). Subsection (b)(1) goes on to state that: "For purposes of this section, the person may comply with the notice to appear by: (i) Appearance in person; (ii) Appearance by counsel; or (iii) Payment of the fine, if provided for in the citation." § 26–204(b)(1). A $75.00 fine was provided for in the citation at issue.

The plain language of § 26–204 is clear and unambiguous. As applicable to the facts of the case *sub judice,* appellant had to comply with the notice to appear contained in the trial notice issued by the Circuit Court. There are three ways in which appellant could have complied: (1) by appearing in person, (2) by appearing by counsel, or (3) by payment of the fine, if the citation enumerates such a fine. In this case appellant attempted to pay the fine before the trial on April 4, 2005 and at the trial on April 4, 2005. Both attempts would have satisfactorily provided compliance with the notice to appear and should have been accepted by the Circuit Court and the Clerk's office of that court.

We agree with appellant's counsel's assertions at oral argument before this Court that track the question we address. The State's argument that appellant was bound to appear for trial because he had requested a trial and the trial date had already been set is illogical. Section 26–204(a) contemplates compliance with the notice to appear in a summons, other writ, or a *trial notice* issued either by the District Court or a circuit court. A person would not receive a trial notice until after the trial date had been set. The General Assembly contemplated this and provided in subsection (b)(1) that payment of the fine (if provided for in the citation) would comply with the notice to appear. § 26–204(b)(1).

The Court discussed § 26–204 in the context of double jeopardy in *Gianiny v. State*, 320 Md. 337, 577 A.2d 795 (1990), stating that: "The statutory laws of this State authorize one to appear in response to a traffic citation that provides for payment of a fine by paying the fine, with the clear understanding that such payment will constitute a conviction." *Id.* at 346, 577 A.2d at 799; *State v. Griffiths,* 338 Md. 485, 659 A.2d 876 (1995); *Warne v. State,* 166 Md.App. 135, 140–41, 887 A.2d 657, 659–60 (2005). Because the payment of the fine constitutes a conviction, a defendant cannot be tried again on the same issue. A defendant cannot "be put in jeopardy again for the same offense ...; in jeopardy of being twice convicted and punished for the same crime." *Gianiny,* 320 Md. at 347, 577 A.2d at 800.

Pursuant to the plain language of § 26–204, appellant could comply with the notice to appear contained in the trial notice issued by the Circuit Court by paying the fine of $75.00 provided for in the citation, thus consenting to conviction, at any time before a subsequent trial, conviction and sentencing. The Clerk of the Court was required to accept payment and the payment would constitute a conviction for the charge of speeding. Therefore, the appellant could not be tried on the same issue before the Circuit Court without violating both Maryland common law and the Double Jeopardy Clause of the Fifth Amendment. *Gianiny,* 320 Md. at 347, 577 A.2d at 800; *Middleton v. State,* 318 Md. 749, 756–57, 569 A.2d 1276, 1279–80 (1990).

Clerks of the court are required to "perform all the duties which appertain to their offices, as are regulated by Law." Md. Const. art. IV, § 10. Section 26–204 of the Transportation Article authorizes the payment of a fine for a traffic citation (if provided for in the citation) to satisfy a notice to appear and to constitute a conviction by consent. The case law discussed *supra* indicates that such a payment satisfies an individual's commitment in regard to such a violation—constituting a conviction. Therefore, the circuit court judge in the case *sub judice* improperly ordered the Clerk of the Circuit Court not to accept appellant's payment of the $75.00 fine.

## IV. Conclusion

We hold that § 26–204 of the Transportation Article, by its plain language, provides for compliance with a notice to appear contained in a traffic citation, summons, other writ, or trial notice issued by either the District Court or a circuit court by payment of a fine, if provided for in the citation. Clerks of the court are required to perform the duties which appertain to their office, i.e., accepting the payment of traffic citation fines. For the foregoing reasons, we reverse the judgment of the Circuit Court and remand this case to that court for judgment in compliance with this opinion. The court shall impose a $75.00 fine, as provided for in the citation at issue, and the clerk shall refund the difference of the $666.00 already paid by the appellant.

**JUDGMENT OF THE CIRCUIT COURT FOR WORCESTER COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT TO BE PAID BY WORCESTER COUNTY.**