*Al Czervik, LLC*, et al. *v. Mayor & City Council of Baltimore*, et al., Nos. 893–895, September Term, 2022. Opinion by Nazarian, J.

**TAXATION – TAX DEEDS – CONDITIONS AND PREREQUISITES**

After obtaining a judgment foreclosing the right of redemption but before receiving the deed to a given property, tax sale purchasers must pay any taxes, along with interest and penalties, that accrue after the date of sale. Md. Code (1985, 2019 Repl. Vol.), § 14-831 of the Tax-Property Article ("TP"). Tax sale statute does not give the circuit court discretion to award surplus proceeds to certificate holders as "person[s] entitled" to recoup amounts paid for water charges and environmental citations—considered taxes under the statute—incurred after the date of sale. TP §§ 14-818(a)(4)(i), § 14-801(d).

Circuit Court for Baltimore City
Case Nos. 24-C-19-001233, 24-C-20-001149, 24-C-17-005682

REPORTED

IN THE APPELLATE COURT

OF MARYLAND*

CONSOLIDATED

Nos. 893, 894, 895

September Term, 2022

_____

AL CZERVIK, LLC, ET AL.
v.
MAYOR & CITY COUNCIL OF
BALTIMORE, ET AL.

_____

Nazarian,
Friedman,
Eyler, Deborah S.
 (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: September 5, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials Act (§§ 10-1601 et seq. of the State Government Article) this document is authentic.

Gregory Hilton, Clerk

*At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals of Maryland to the Appellate Court of Maryland. The name change took effect on December 14, 2022.

Under Maryland Code (1985, 2019 Repl. Vol.), § 14-831 of the Tax-Property Article ("TP"), tax sale purchasers pay all taxes, interest, and penalties on a property that accrue after the date of the sale. The term "taxes" for this purpose also can include charges for environmental citations and water charges incurred by the property's prior owners.[1] Any balance over the amount owed is considered surplus and is paid "to the person entitled to the balance," TP § 14-818(a)(4)(i), typically the former property owner.

This appeal involves three tax sales in the Circuit Court for Baltimore City that resulted in post-judgment surpluses. In all three cases, the purchaser contends that it paid post-sale environmental citation and water charges and was a "person entitled" to recover those amounts out of the surplus proceeds—otherwise, it argued, the property owners or the Mayor and City Council of Baltimore ("the City") would receive a windfall beyond that to which they were "entitled." The purchaser contends here that the circuit court erred by holding that it lacked discretion under TP § 14-818(a)(4) to award surplus proceeds to certificate holders to recoup amounts they paid for water charges and environmental citations incurred after the sale (in their view, by the former owners). We disagree and affirm.

---

[1] Environmental citations and water charges that become liens on a property are considered a tax under TP § 14-801(d)(1), which defines a "[t]ax" as "any tax, or charge of any kind due to the State or any of its political subdivisions, or to any other taxing agency, that by law is a lien against the real property on which it is imposed or assessed."

# I.  BACKGROUND

Every March, the City issues a list of residential properties with attached liens that will become available at the tax sale in May. *Tax Sale Process*, City of Baltimore, https://taxsale.baltimorecity.gov/tax-sale-process (last visited Aug. 8, 2023), *archived at* https://perma.cc/9MBR-U9HH. Thornton Mellon, LLC bids frequently on residential properties at these tax sales. When its bids are successful, Thornton Mellon often assigns its interest in the properties to one of its sibling entities, Ty Webb LLC and Al Czervik LLC. For simplicity, we will refer collectively to these entities, all appellants in this case, as "Thornton Mellon." *See Al Czervik LLC v. Mayor & City Council of Balt.*, 256 Md. App. 665, 669 n.1 (2023). These consolidated appeals involve Thornton Mellon's petitions for surplus funds after it bought three properties.

After obtaining a judgment foreclosing the right of redemption but before receiving the deed to a given property, Thornton Mellon must pay any taxes, along with interest and penalties, that accrue after the date of sale. TP §§ 14-831; 14-818(a)(2). Once the City receives this payment, "any balance over the amount required for payment of taxes, interest, penalties, and costs of sale" becomes surplus that is paid to "the person entitled to the balance." TP § 14-818(a)(4)(i).

Thornton Mellon doesn't challenge the statutory obligation to pay the accrued taxes after it obtains a judgment—it complied with this requirement in each of the three consolidated cases before us. Instead, Thornton Mellon asserts that it is a "person entitled to the [surplus] balance" under TP § 14-818(a)(4)(i). And as a person so entitled, Thornton

Mellon suggests, it should receive reimbursement from surplus proceeds for the statutorily required taxes it paid to obtain the deed.

### A.     Appeal No. 893 (Cir. Ct. No. 24-C-19-001233)

On May 14, 2018, the City issued a tax sale certificate to Thornton Mellon for the residential property located at 2032 E 31st Street ("31st Street Property"). At the tax sale, Thornton Mellon bid $51,170.00 and paid the face value of the lien, $8,279.06, along with a high bid premium of $4,634.00. On February 26, 2019, Thornton Mellon filed a complaint to foreclose the right of redemption. A Judgment Foreclosing Right of Redemption was issued by the circuit court on October 13, 2021. Thornton Mellon then paid the balance of the bid price along with the post-sale taxes—$1,822.35 for water charges and $3,943.43 for environmental citations—under TP § 14-844(d)(1). On October 27, 2021, a tax sale deed was issued to Thornton Mellon, assigning it the 31st Street Property in fee simple.

On April 15, 2022, Thornton Mellon filed a petition in the circuit court under TP § 14-818(a)(4) seeking surplus funds and a hearing. In its petition, Thornton Mellon requested $5,765.78—the amount it previously had paid in post-sale taxes to obtain the deed to the 31st Street Property—from the $42,890.94 pool of surplus funds in the City's possession. Not remitting payment out of the surplus fund for the post-sale taxes paid before delivery of the deed, Thornton Mellon argued, would result in either the City or the prior owner of the 31st Street Property receiving surplus funds beyond that to which they were entitled. Thornton Mellon urged that "[a]s a matter of fundamental fairness," the prior owner should be liable for the post-sale taxes. This liability, according to Thornton Mellon,

3

should come out of the surplus fund and entitled it to a refund in the amount of post-sale taxes paid as an entitled party under TP § 14-818(a)(4).

On July 14, 2022, the circuit court denied Thornton Mellon's petition for surplus funds and request for hearing summarily, citing various provisions of the Tax-Property Article holding purchasers liable for taxes that become payable after judgment:

> [O]n the grounds that "judgment vests in the [P]laintiff an absolute and indefeasible title in fee simple in the property . . . except taxes that accrue after the date of sale." Md. Code Ann., Tax-Property § 14-844(b). Further, "[P]laintiff immediately becomes liable for the payment of all taxes due and payable after the judgment." Tax-Prop. § 14-844(c); *see also* Tax-Prop. § 14-831 ("All taxes accruing after the date of sale, together with interest and penalties on the taxes, are additional liens against the property and on passage of the final decree, are immediately due and payable by the holder of the certificate of sale")[.]

Thornton Mellon filed a timely appeal.

### B. Appeal No. 894 (Cir. Ct. No. 24-C-20-001149)

On May 13, 2019, the City issued a tax sale certificate for the residential property located at 3921 Woodbridge Road ("Woodbridge Road Property") to Thornton Mellon. To obtain the tax sale certificate to the Woodbridge Road Property, Thornton Mellon bid $55,766.64 and paid the face value of the lien, $2,236.32, along with a high bid premium of $4,033.00. On February 25, 2020, Thornton Mellon filed a complaint to foreclose the right of redemption in the circuit court. On November 9, 2021, the court issued a Judgment Foreclosing Right of Redemption for the Woodbridge Road Property. Thornton Mellon then paid the balance of the bid price along with the post-sale taxes, which included

4

$28,955.52 for water charges. The tax sale deed, assigning the Woodbridge Road Property in fee simple, was issued to Thornton Mellon on January 10, 2022.

A few months later, on April 15, 2022 (the same day as the 31st Street Property petition), Thornton Mellon filed a petition seeking surplus funds in the amount of $28,955.52—the amount it paid for the Woodbridge Road Property water bill upon receiving judgment—and requesting a hearing. Just as in its petition for the 31st Street Property, Thornton Mellon urged the City to pay the requested surplus funds to it, as an entitled party, "[a]s a matter of fundamental fairness." On July 14, 2022, in an identical order to the one issued in the 31st Street Property case, the circuit court denied Thornton Mellon's petition. A second timely appeal followed.

C.     **Appeal No. 895 (Cir. Ct. No. 24-C-17-005682)**

The City issued a tax sale certificate to Thornton Mellon on May 15, 2017, for the residential property located at 4407 Garrison Boulevard ("Garrison Boulevard Property"). At the tax sale, Thornton Mellon bid $29,979.50 and paid the face value of the lien, $3,679.09. On November 27, 2017, Thornton Mellon filed a complaint to foreclose the right of redemption for the Garrison Boulevard Property. On August 29, 2019, the court issued a Judgment Foreclosing Right of Redemption. Thornton Mellon paid the balance of the bid price along with the post-sale taxes—$2,051.05 for water charges and $1,500.00

for environmental citations. On March 26, 2021, the City issued a tax sale deed to Thornton Mellon that assigned it the Garrison Boulevard Property in fee simple.[2]

On June 6, 2022, Thornton Mellon filed a petition in the circuit court under TP § 14-818(a)(4) seeking surplus funds and requesting a hearing. In its petition, Thornton Mellon asked for $3,551.05, the amount it had paid in post-sale taxes on the Garrison Boulevard Property, from the $26,300.41 pool of surplus funds held by the City. Again, Thornton Mellon argued that the prior owner was responsible for the water bills after the sale. Thornton Mellon also attacked the validity of the environmental citation charges, which were dated December 29, 2020 and addressed to Ty Webb LLC, despite the City's refusal to enroll Ty Webb as the owner of the property after judgment.

On July 14, 2022, the circuit court once again denied Thornton Mellon's petition and entered an order identical to those issued in the 31st Street Property and Woodbridge Road Property cases. A third timely appeal followed.

---

[2] The delay in the issuance of the tax sale deed was due to litigation on the assignability of the judgment foreclosing the right of redemption. Ultimately, the Supreme Court of Maryland (at the time called the Court of Appeals of Maryland*) held that judgments of foreclosure were freely assignable. *Mayor & City Council of Balt. v. Thornton Mellon, LLC*, 478 Md. 396, 452 (2022).

\* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022. *See also* Md. Rule 1-101.1(a) ("From and after December 14, 2022, any reference in these Rules or, in any proceedings before any court of the Maryland Judiciary, any reference in any statute, ordinance, or regulation applicable in Maryland to the Court of Appeals of Maryland shall be deemed to refer to the Supreme Court of Maryland . . . .").

## II.    DISCUSSION

These three consolidated appeals raise a single question of statutory interpretation:[3] whether, once a judgment foreclosing the right of redemption is granted, the tax sale

[3] Thornton Mellon phrased its Questions Presented as follows:

> 1.    In a tax sale proceeding, if the purchase price results in surplus proceeds sufficient to cover some or all post-sale charges for liens relating to water charges and environmental citations incurred by a former property owner, which charges a certificate holder must pay following the entry of a judgment foreclosing the right of redemption, does the certificate holder gain an interest in the surplus proceeds equal to the sum of such charges, for which the certificate holder may request payment pursuant to TP § 14-818(a)(4)?

> 2.    Where the owner of a property sold at a tax sale proceeding fails to pay a water bill and/or an environmental citation resulting in substantial liens against the property following the tax sale, does the Circuit Court, in accordance with its broad authority to provide "complete relief" in a tax sale proceeding – as this Court reaffirmed in *Kona Properties, LLC v. W.D.B. Corporation*[,] 224 Md. App. 517 (2015) – have the ability to order that a portion of any surplus proceeds be distributed to the certificate holder in an amount equal to the sums the certificate holder paid for said charges incurred by the former owner of the property?

> 3.    Alternatively, following the entry of judgment in a tax sale proceeding, if the balance of the purchase price is sufficient to cover some or all taxes, interest and penalties accruing after the tax sale, is the certificate holder entitled to pay only those amounts necessary to cover charges not covered by the balance of the purchase price?

> 4.    Did the trial court err and abuse its discretion in denying Appellants' petitions for surplus funds on the ground that a certificate holder's obligation to pay post-sale charges for unpaid water bills and environmental citations precludes it

Continued . . .

from recouping those payments out of the surplus proceeds from a tax sale pursuant to TP § 14-818(a)(4), where:

(a) TP § 14-818 contemplates persons besides former property owners being entitled to surplus proceeds;

(b) the Circuit Court has broad authority to provide complete relief in a tax sale proceeding;

(c) the requirement that a certificate holder pays post-sale taxes following the entry of judgment does not extinguish a former owner's potential liability for sums paid by the certificate holder for unpaid water bills and environmental citations incurred by the former owner;

(d) permitting a certificate holder to claim an interest in surplus proceeds for sums it paid for a prior owner's unpaid water bills and environmental citations would be consistent with jurisprudence concerning equitable liens and equitable subrogation;

(e) allowing certificate holders to recoup money for such payments out of surplus proceeds is in furtherance of the policy behind the Tax Sale Statute because it encourages the completion of the transfer of interests;

(f) *not* allowing certificate holders to recoup money for such payments is contrary to the policy behind the Tax Sale Stat[ute] because it would dissuade certificate holders from foreclosing the right of redemption when property owners amass substantial liens due to their own consumption and conduct, resulting in jurisdictions like the City not recouping unpaid taxes and other charges; and

(g) it would be fundamentally unfair and inequitable to permit a property owner to amass thousands of dollars in unpaid water bills and environmental citations stemming from the property owner's consumption and use of the property *and* receive surplus proceeds from a tax sale without allowing a certificate holder to deduct the amounts

Continued . . .

8

statute's requirement that a certificate holder pay all post-sale taxes precludes the certificate holder from recouping those payments from the surplus proceeds of the tax sale as an entitled party under TP § 14-818(a)(4).[4] Because there is no dispute about the underlying facts of these cases, we review the circuit court's statutory interpretation *de novo*. *Nesbit v. Gov't Emps. Ins. Co.*, 382 Md. 65, 72 (2004) ("When the trial court's order 'involves an interpretation and application of Maryland statutory and case law, our Court

it paid for such post-sale charges?

The City phrased its Questions Presented as follows:

> 1.     Did the circuit court err when it held that, after judgment is entered foreclosing on properties sold at tax sale, TP § 14-802, TP § 14-831, and TP § 14-844 make tax sale purchasers (not prior homeowners) legally responsible for all post-sale taxes, including those arising from environmental citations and water bills, such that no automatic equitable interest reversing the operation of the statutes was intended by the statutes, and no automatic entitlement to a rebate for paying such taxes is created?

> 2.     Did the LLCs ask the circuit court to adjudicate a non-automatic legal or equitable claim (such as unjust enrichment) against a specific defendant, and if so, did the circuit court err by effectively declining to adjudicate this new monetary claim, without any of the procedures normally required of a new claim, as part of a post-judgment motion in an action for foreclosure of the right of redemption in a tax sale?

[4] As the City notes, correctly, and Thornton Mellon concedes, nothing in the record suggests that Thornton Mellon asked the circuit court to consider whether a tax sale certificate holder could withhold payment for any taxes, interest, and penalties that otherwise would be due when the balance of the purchase price would cover those charges. Additionally, as the City notes, the record does not suggest that Thornton Mellon asked the circuit court to adjudicate any monetary or equitable claims against the prior homeowners. Under Maryland Rule 8-131(a), an appellate court ordinarily will decide only issues that "plainly appear[] by the record to have been raised in or decided by the trial court," and we decline to consider these issues here.

must determine whether the lower court's conclusions are legally correct under a *de novo* standard of review.'" (*quoting Walter v. Gunter*, 367 Md. 386, 392 (2002)).

## A. Tax Sale Certificate Holders Must Pay Post-Sale Taxes Upon Judgment Foreclosing The Right Of Redemption.

In an issue of first impression, Thornton Mellon asks this Court to hold that a tax sale certificate holder is entitled to file a claim for surplus funds under TP § 14-818(a)(4)[5] to recoup amounts it paid for water charges and environmental citations incurred by former owners during the period between the tax sale and entry of judgment of foreclosure. Specifically, Thornton Mellon asserts that because the legislature did not preclude any class of persons whom may receive surplus funds expressly, TP § 14-818(a)(4) allows a certificate holder to file a claim for surplus proceeds to recoup paid post-sale taxes. The City agrees that TP § 14-818(a)(4) might not preclude certificate holders from *ever* being entitled to surplus funds, but contends that Thornton Mellon is not a "person entitled" in *these appeals* because it has no legal right to any portion of the surplus funds. We agree with the City and the circuit court that a plain reading of TP §§ 14-831 and 14-844 compels

---

[5] TP § 14-818(a)(4) provides that guidance on how any surplus balance should be distributed:

> (4) Any balance over the amount required for the payment of taxes, interest, penalties, and costs of sale shall be paid by the collector to:
>
> (i) the person entitled to the balance; or
>
> (ii) when there is a dispute regarding payment of the balance, a court of competent jurisdiction pending a court order to determine the proper distribution of the balance.

the conclusion that a certificate holder is required to pay the taxes that accrue between the sale date and the judgment and that the purchaser has no legal right to recoup those payments through a petition for surplus funds under TP § 14-818(a)(4).

"The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the Legislature." *Kushell v. Dep't of Nat. Res.*, 385 Md. 563, 576 (2005) (*citing Collins v. State*, 383 Md. 684, 688 (2004)). We assume that the General Assembly's "intent is expressed in the statutory language," and we focus primarily on the statute's language "to determine the purpose and intent of the General Assembly." *Phillips v. State*, 451 Md. 180, 196 (2017). We begin our analysis "with the plain language of the statute, and ordinary, popular understanding of the English language dictates interpretation of its terminology." *Kushell*, 385 Md. at 576 (*citing Deville v. State*, 383 Md. 217, 223 (2004)).

This question turns on two statutes that dictate who is liable for post-sale taxes after judgment. *First*, TP § 14-831 provides that all taxes that accrue after the date of the sale are additional liens against the property and due in full on entry of a final decree:

> Until a judgment is issued by the circuit court that forecloses all rights of redemption in any property sold by the collector, the property shall continue to be assessed as though no sale had been made, whether the governing body of the county or some other person holds the certificate of sale. Once the judgment is passed, the property shall be transferred on the assessment books or records to the holder of the certificate of sale notwithstanding the provisions of § 3-104 of the Real Property Article. After the transfer, the property shall be assessed to the holder of the certificate of sale for property tax purposes. *All taxes accruing after the date of sale, together with interest and penalties on the taxes, are additional liens against the property and on passage of the final decree, are immediately due and payable by the holder of the certificate of sale* except as provided under § 14-826 of this subtitle. The collector may not

11

deliver a deed to the person entitled to the deed until all subsequent taxes, together with interest and penalties on the taxes, are paid in full. . . .

(Emphasis added.)

*Second*, TP § 14-844 explains that the purchaser is liable for all taxes and fees upon entry of judgment foreclosing the right of redemption:

> (a) After the time limit set in the order of publication and in the summons expires, the court shall enter judgment foreclosing the right of redemption. An interlocutory order is not necessary. The judgment is final and conclusive on the defendants, their heirs, devisees, and personal representatives and they or any of their heirs, devisees, executors, administrators, assigns, or successors in right, title, or interest, and all defendants are bound by the judgment as if they had been named in the proceedings and personally served with process.

> (b) If the court finds for the plaintiff, the judgment vests in the plaintiff an absolute and indefeasible title in fee simple in the property, free and clear of all alienations and descents of the property occurring before the date of the judgment and encumbrances on the property, except taxes that accrue after the date of sale and easements of record and any other easement that may be observed by an inspection on the property to which the property is subject.

> (c) If the collector sold the property subject to a ground rent or the plaintiff elected not to include the ground rent holder as a party, the judgment vests a leasehold interest in the plaintiff.

> (d) (1) *Once a judgment is granted, the plaintiff immediately becomes liable for the payment of all taxes due and payable after the judgment.* The plaintiff may be sued in an action under § 14-864 of this subtitle to collect all taxes due and payable after the judgment and it is not a defense that a deed to the property has not been recorded. *On the entry of judgment, the plaintiff shall pay the collector any surplus bid and all taxes together with interest and penalties on the taxes due on the property.*

> (2) (i) Once a judgment is granted, the plaintiff immediately becomes liable from the date of the judgment for the payment of assessments or fees charged by a homeowners association or a condominium association due and payable from the date of the judgment.
>
> (ii) The plaintiff may be sued in an action to collect all assessments or fees charged by a homeowners association or a condominium association due and payable from the date of the judgment, and it is not a defense that a deed to the property has not been recorded.
>
> (e) In Baltimore City where abandoned property has been sold for a sum less than the amount due under § 14-817 of this subtitle, in a foreclosure proceeding brought by the Mayor and City Council, the final order may include a judgment in favor of the city and against the person liable for taxes prior to the sale, in the amount of the unpaid taxes, interest, penalties, and expenses otherwise due in a tax sale.
>
> (f) In Baltimore City, for a proceeding concerning an owner-occupied residential property, if the court finds for the plaintiff, the final judgment shall state whether there is a bid balance as a result of the tax sale and that the former owner's portion of the bid balance may be obtained by contacting the Baltimore City Bureau of Revenue Collections.

(Emphasis added.)

Section 14-801, which provides definitions for the tax sale statute, also is instructive, especially § 14-801(d), which includes charges other than taxes within the definition of "tax":

> (1)     "Tax" means *any tax, or charge of any kind due to the State or any of its political subdivisions*, or to any other taxing agency, that by law is a lien against the real property on which it is imposed or assessed.

13

(2) "Tax" includes interest, penalties, and service charges.

(Emphasis added.)

There's no dispute that Thornton Mellon was required by these statutes to pay the post-sale taxes due on each property after the court entered judgment foreclosing the right of redemption. Rather, the legal question posed by Thornton Mellon is whether, after making the required payment of post-sale taxes and obtaining the tax-sale deed, it can petition the court under TP § 14-818(a)(4) for a refund of those payments under the notion that the payment "does not extinguish a former owner's potential liability for sums paid by the certificate holder for unpaid water bills and environmental citations incurred by the former owner." Thornton Mellon's overarching argument is that by paying the post-sale taxes, it discharged the debt of the prior owner and should thus "be entitled to reimbursement out of the surplus proceeds of the tax sale." Despite acknowledging that it is required to pay the post-sale taxes after obtaining judgments, Thornton Mellon contends that the water charges and environmental citations at issue here are "fundamentally different from real property taxes because they are directly tied to the use and conduct of the former property owners." According to Thornton Mellon, and even though such charges are (by statute) "treated as 'taxes' for the purpose of the tax sale," they are not treated as taxes in other contexts. As such, Thornton Mellon claims those charges are the obligation of the former owner and that it is entitled to recoup its payments from the surplus proceeds.

But Thornton Mellon's argument attempts to create ambiguity where there is none. "'[T]he General Assembly is presumed to have meant what it said and said what it meant.'"

14

*Bellard v. State*, 452 Md. 467, 481 (2017) (*quoting Wagner v. State*, 445 Md. 404, 418 (2015)). Indeed, "'[w]hen the statutory language is clear, we need not look beyond the statutory language to determine the General Assembly's intent.'" *Id.* (*quoting Wagner*, 445 Md. at 418). And unless "'there exist two or more reasonable alternative interpretations of the statute,'" there is no ambiguity. *Id.* (*quoting Wagner*, 445 Md. at 418).

We agree with the City that Thornton Mellon's interpretation of the relevant statutes is unreasonable. The natural and ordinary meaning of TP § 14-831 is that Thornton Mellon (or its assignee), as the "holder of the certificate of sale," is responsible for paying all post-sale taxes, which "are additional liens against the property" upon entry of judgment foreclosing the right of redemption. The natural and ordinary meaning of TP § 14-844(d)(1) is that the certificate holder is "liable for the payment of *all taxes* due and payable after the judgment." (Emphasis added.) And, as the City points out, TP § 14-801(d)(1) makes it "abundantly clear" that the term "taxes" in these provisions includes water bills and environmental citations which, when unpaid, become a lien against the property. When construing a statute, we ensure that "no word, clause, sentence, or phrase is rendered surplusage, superfluous, meaningless, or nugatory." *Blake v. State*, 395 Md. 213, 224 (2006). We may not "read language into the statute that is not expressly stated or clearly implied, or embellish a statute to expand its meaning." *Maryland-Nat'l Cap. Park & Plan. Comm'n v. Anderson*, 164 Md. App. 540, 571 (2005) (*citing Johnson v. Mayor & City Council of Balt. City*, 387 Md. 1, 14 (2005)), *aff'd*, 395 Md. 172 (2006). And the only way to interpret TP §§ 14-831, 14-844(d)(1), and 14-801(d)(1) without rendering them meaningless or reading into them language not clearly implied is to require tax sale

15

certificate holders, and not former owners, to be liable for post-sale taxes, including water charges and environmental citations incurred by the former owner.

Thornton Mellon contends that its obligation to pay post-sale taxes on the passage of a judgment "does not absolve the [former] property owner of its debt obligation to the City for those same charges." Except it does, and Thornton Mellon's argument to the contrary attempts again to create ambiguity out of clarity. The statute allocates the burden of these bills expressly, and, fairly or not, allocates that burden to the purchaser. In TP § 14-844(d)(1), the General Assembly made *certificate holders*, not former owners, liable for post-sale taxes after a judgment is entered. The plain and ordinary meaning of subsection (d)(1) illustrates the intention of the General Assembly to shift the burden of post-sale tax liability from the prior owner to the certificate holder, the party presumably in a better financial position to bear the burden once a judgment is entered (after all, the property is for sale only because the purchaser failed or refused to pay outstanding taxes or charges). Thornton Mellon conceded that it knew about the liens on the properties before the judgments were entered. In plain English, the General Assembly has directed that the certificate holder is liable for post-sale taxes—including water charges and environmental citations—on entry of judgment, and the statute does not support Thornton Mellon's contention that the prior owners remain liable for post-sale taxes after judgment.

**B.     Tax Sale Certificate Holders Are Not Entitled To Recoup Required Post-Judgment Payments From Surplus Proceeds.**

Thornton Mellon goes on to argue that it qualifies as a "person entitled" to surplus proceeds within the meaning of TP § 14-818(a)(4). Whether or not this is true is immaterial.

16

A recent case involving these same parties, in which the Supreme Court of Maryland outlined the post-judgment obligations of the tax sale process, supports the circuit court's interpretation of TP § 14-844(d). *Mayor & City Council of Balt. v. Thornton Mellon, LLC*, 478 Md. 396 (2022). The Court highlighted TP § 14-844(d)'s directive that the certificate holder must pay all taxes due on the property upon entry of judgment. *Id.* at 423. Only after a party in Thornton Mellon's position "fulfills these post-judgment statutory obligations— paying the balance of the purchase price, along with taxes that have accrued post-sale"— is the City's obligation to deliver the deed to the property triggered. *Id.*; *see also* TP § 14-831 ("The collector may not deliver a deed to the person entitled to the deed until all subsequent taxes, together with interest and penalties on the taxes, are paid in full.").

And as such, the circuit court did not err in denying Thornton Mellon's petitions for surplus proceeds in these cases. Sections 14-801(d), 14-831, and 14-844(d), as outlined above, define a certificate holder's liability and post-judgment obligations to include payment of *all* post-sale taxes incurred by the prior owner. As even Thornton Mellon concedes, this obligation is "simply the price of admission to participate in the tax sale process." Thornton Mellon's suggestion that it is a "person entitled" to the surplus proceeds under TP § 14-818(a)(4) would render these post-judgment statutory obligations meaningless. We are unable and unwilling to obfuscate the plain and ordinary meaning of the tax sale statute to allow Thornton Mellon to receive a refund of the admission price after it has enjoyed the benefits of the tax sale process fully.

Based on the plain meaning of the statutes, we hold that Thornton Mellon is not a "person entitled" to the surplus proceeds. Because Thornton Mellon was required to pay

17

the water charges and environmental citations as part of its post-judgment statutory obligation to pay the post-sale taxes for each of the properties involved, we affirm the circuit court's decisions to deny these petitions.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. APPELLANT TO PAY COSTS.**